818 So.2d 176 (2002)
Davin BATES
v.
LEGION INDEMNITY COMPANY.
No. 2001 CA 0552.
Court of Appeal of Louisiana, First Circuit.
February 27, 2002.
*177 Karen Reiners Winfrey, Baton Rouge, Counsel for Defendant/Appellant Legion Indemnity Company.
Daniel H. Edwards, John B. Edwards, Amite, Counsel for Plaintiff/Appellee Davin Bates.
Before: DOWNING, CLAIBORNE[1] and LANIER,[2] JJ.
IAN W. CLAIBORNE, Judge Pro Tem.
This is an appeal from a default judgment rendered in favor of Davin Bates against Legion Indemnity Company granting damages arising out of an automobile accident. For the following reasons, we reverse and remand for a new trial.

FACTS AND PROCEDURAL HISTORY
This litigation arises out of a head-on automobile collision that occurred on December 30, 1998, between appellant, Davin Bates (Bates) and Charles Robertson (not *178 a party to this action). Bates suffered serious injuries to his hip as a result of the accident and required substantial medical attention.
Bates filed suit on January 26, 1999, against appellee, Legion Indemnity Company (Legion) for uninsured/underinsured (UM) motorist coverage on a 1990 Nissan Maxima owned by C & D Auto Sales of Pine Grove, Louisiana (C & D). Bates was driving the automobile at the time of the accident with permission of the owner of C & D, Craig Bates.
A copy of the petition was served on Legion through the Louisiana Secretary of State on January 29, 1999. After service, Ms. Bernadette Vazsily contacted counsel for Bates and obtained an extension of time, until March 11, 1999, in which to file responsive pleadings on behalf of Legion. Pleadings were not filed by the due date and Bates obtained a preliminary default judgment on March 12, 1999. Subsequently, Legion again failed to appear and on March 18, 1999, Bates obtained a confirmation of the preliminary default judgment. At the confirmation hearing, Bates introduced into evidence two insurance policies. The first was the Legion Commercial Garage Liability policy and the second was the Odyssey Re Insurance Dealer's Open Lot policy. Bates also introduced into evidence a UM rejection form as a separate exhibit. After the evidence was considered, the trial court found for Bates and awarded him the full coverage amount of $300,000.00 plus costs. Notice of judgment was served on Legion through the Louisiana Secretary of State on March 26, 1999.
Legion filed a motion for new trial on March 30, 1999. It was set for hearing on May 14, 1999. At the hearing on the motion, Legion submitted a certified copy of the Legion Commercial Garage Liability policy with the UM rejection form attached. Legion also submitted into evidence an affidavit of Debra Lala, President of Creative Underwriters LLC, who attested that the certified copy of the insurance policy is a correct and complete copy of the Legion policy issued to C & D. The motion was denied and the trial judge issued written reasons for judgment on June 30, 1999. The trial judge found 1) that there was no fraud or ill practice on the part of plaintiff's attorney such that a new trial should be granted; 2) that Bates established that Legion provided UM coverage based on an invalid uninsured motorist rejection form; 3) that Bates established that the damages awarded were justifiable; 4) that the default judgment was not contrary to the law and evidence available; and 5) that Bates was an insured under the garage operations policy provided by Legion. Legion's appeal in this court is devolutive.

LAW AND ANALYSIS
Legion argues that the trial court erred in granting a default judgment to Bates. In order for a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. La.Code Civ. P. art. 1702(A); Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La.App. 1st Cir.1992). When reviewing a default judgment, an appellate court is restricted to a determination of sufficiency of the evidence offered in support of a default judgment in its review of a default judgment. Rhodes *179 v. All Star Ford, Inc., 599 So.2d at 813; Dunaway v. Woods, 470 So.2d 574, 577 (La.App. 1st Cir.1985). There is a presumption that the judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct, and the appellant has the burden of overcoming that presumption. However, the presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and is contained in the record. Travis v. Commercial Union Ins. Co., 569 So.2d 115, 117 (La.App. 1st Cir.1990); Sudds v. Protective Cas. Ins. Co., 554 So.2d 149, 150 (La.App. 2d Cir.1989). In such a case, the reviewing court is able to determine from the record whether the evidence on which the judgment is based was sufficient and competent. See Dunaway v. Woods, 470 So.2d at 577; Hookfin v. Bourne, 469 So.2d 24 (La.App. 1st Cir. 1985); Weaver v. Weaver, 438 So.2d 1149 (La.App. 1st Cir.1983).
In the instant case, the trial court record contains the transcribed testimony taken at the confirmation of the default hearing. Accordingly, the presumption that the judgment was rendered upon sufficient evidence and is correct is inapplicable, and this court must determine whether the evidence upon which the judgment is based was sufficient and competent.
Legion argues that a default judgment was erroneously granted due to an insufficiency of the evidence presented to the trial judge in the default proceedings. Specifically, Legion argues that the policy offered into evidence was incomplete, that the UM rejection form was separated from the Legion policy and that the certified copy of the policy, which has the UM rejection form clearly attached, is the full and correct policy that should be considered. We agree. After a thorough examination of the evidence in the trial record, we have found that:
1) The UM rejection form offered into evidence in the default proceedings appears to have been detached from some other document.
2) The UM rejection form labeled "CUL 02(06/97)" is referenced and listed as "CUL 02(06/97) LOUISIANA UNINSURED (INCLUDING UNDERINSURED) MOTORISTS INSURANCE REJECTION/SELECTION FORM" on the forms schedule page of the Legion policy.
3) The certified copy of the Legion policy presented at the hearing for the motion for new trial has the UM rejection form attached to it.
Therefore, we find that the UM rejection form was originally attached to the Legion policy and was separated from the policy and introduced into evidence as its own exhibit. The policy without the UM rejection form attached is incomplete. As such, we agree with Legion's argument that the policy introduced was incomplete and cannot be considered competent evidence to be used as support for a prima facie case for purposes of default judgment.
We are also of the opinion that Legion's motion for new trial should have been granted. La.Code Civ. P. art. 1973 states a "new trial may be granted in any case where there is good ground therefor...."[3] When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage *180 of justice, a new trial should be ordered. Lamb v. Lamb, 430 So.2d 51, 53 (La.1983); Deliberto v. Deliberto, 400 So.2d 1096 (La. App. 1st Cir.1981). Further, in cases involving a motion for new trial after a default judgment, public policy considerations, weighing in the defendant's favor, dictate that every litigant should be allowed his day in court. Calhoun v. Deslattes, 94-578, p. 4 (La.App. 5th Cir.12/14/94), 648 So.2d 993, 994; Thibodeaux v. Burton, 538 So.2d 1001 (La.1989); Lamb v. Lamb, 430 So.2d 51 (La.1983). The court has wide discretion regarding this determination and the ruling of the trial judge will be set aside only in a case of manifest abuse of discretion. La.Code Civ. P. art. 1971 comment (d); Hardy v. Kidder, 292 So.2d 575 (La.1973); DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951).
The case at bar revolves around the validity or invalidity of the UM coverage form. This issue was heavily contested in the briefs for the motion for new trial. Specifically, Bates argued that the form is invalid as a matter of law as it is ambiguous. He argued that the form makes no reference to the insurance policy number or the insurer, and as such it is unclear as to which of the two submitted policies the form applies. This argument, accepted by the trial court, would appear to have no merit if the UM rejection form was originally attached to the policy. Also, it is obvious that the UM rejection form could not apply to a policy which does not purport to be an automobile liability policy. Bates further argued that the UM rejection form never became part of the policy at the time of the accident as it was never sent to the holder of the policy as required under La. R.S. 22:628. (The facts supporting this argument are not in the record.) Legion countered by submitting a certified copy of the policy with the UM rejection form attached and cited jurisprudence that holds that a UM rejection form is not invalid due to the absence of the policy number.[4] This conflict, at the very least, constitutes "good grounds" for which the trial court should have granted a new trial. Furthermore, these arguments coupled with the finding that the evidence submitted by Bates is insufficient to support a default judgment, clearly indicate that a new trial should be granted. Therefore, we reverse the trial court's ruling and grant Legion's motion for new trial. Since we find that the trial judge should have granted a new trial, we pretermit discussion of the other issues raised by the parties. Those issues should be addressed at the new trial on the merits.

CONCLUSION
For the foregoing reasons, we find that the default judgment granted to Bates was based on insufficient evidence, and that good grounds exist for granting a new trial pursuant to Louisiana Code of Civil Procedure Article 1973. Costs of this appeal are assessed to appellee, Davin Bates.
DEFAULT JUDGMENT ANNULLED; MOTION FOR NEW TRIAL GRANTED.
NOTES
[1] Honorable Ian W. Claiborne, Judge (retired), is serving Pro Tempore by special order of the Louisiana Supreme Court.
[2] Honorable Walter I. Lanier, Jr., Judge (retired), is serving Pro Tempore by special order of the Louisiana Supreme Court.
[3] While Legion also argues that there are peremptory grounds for the granting of a new trial under La.Code Civ. P. art. 1972, and specifically that the trial court's judgment is clearly contrary to the law and evidence presented, we are of the opinion that an examination of La.Code Civ. P. art. 1973 is proper.
[4] Legion cites Maney v. Bennett, 97-0840 (La. App. 4th Cir.11/19/97), 703 So.2d 152, which held that a UM rejection form was valid notwithstanding the absence of a policy number, date of signature, name of insurer, or effective date or rejection as it applies to a single automobile liability policy.