GAIDRY, J.
⅝ ¾A judgment debtor appeals a default judgment in an action seeking recovery of money owed under a promissory note and damages based upon alleged breaches of fiduciary duties by corporate officers. For the following reasons, we reverse the default judgment against the appellant.
FACTUAL BACKGROUND AND PRIOR PROCEEDINGS
The plaintiff-appellee, Robert L. Gre-vemberg, Jr., instituted this litigation on January 14, 2002, by filing a petition for damages against various defendants, including the appellant, George Friedman, an alleged resident of Texas. The petition alleged that in 1996 Mr. Grevemberg and Mr. Friedman, among others, formed a corporation known as G.P.A. Strategic Forecasting Group, Inc. (the original corporation), which owned the rights to a computer software program. It further alleged that David Marshall became the original corporation’s chief executive officer, and that in November 1996 the corporation was reorganized as a limited liability company, Strategic Forecasting, L.L.C. Attached as an exhibit to the petition was a copy of a promissory note, alleged to have been executed on December 17, 1996 *916 by Mr. Marshall in favor of Mr. Grevem-berg. The note was signed only by Mr. Marshall as the “borrower,” above his typed name and expressed capacity as “President” of “Strategic Forecasting [,] L.L.C.” In his petition, Mr. Grevemberg specifically stated that “[o]n its face, the note indicates that Strategic Forecasting, L.L.C. is the obligor.”[1]
Strategic Forecasting, L.L.C. (the successor limited liability company) was alleged to have been reorganized as STRATFOR Systems, Inc. (the reorganized corporation) on January 1, 1998. Mr. Grevemberg set forth additional allegations that the reorganized corporation’s board of directors |sappointed a management committee without his consent as a board member, and that the committee members violated their fiduciary duties by failing to inform him of the committee’s actions and fraudulently misrepresenting the reorganized corporation’s financial status to him and other board members, leading to the corporation’s sale of the rights to the software program and other assets and the consequent dilution of the corporation’s stock value. The corporate assets were allegedly sold to Infraworks Corporation, which was named as defendant, together with the original corporation, the successor limited liability company, the reorganized corporation, and Mr. Friedman. Finally, Mr. Grevemberg alleged that by reason of all the various business reorganizations and transfers, all defendants became obligors on the promissory note. He requested that service be withheld on his original petition.
On February 20, 2002, Mr. Grevemberg filed a first amended petition, clarifying his allegations as to the parties designated as defendants. STRATFOR Systems, Inc. (the reorganized corporation) was nominally deleted as a defendant, and Infraworks Corporation was described as being “formerly known as” STRATFOR Systems, Inc. Ordinary service of process was requested upon both the original corporation and the successor limited liability company through Mr. Marshall, and service was requested upon Infraworks Corporation, a Texas corporation, pursuant to the Louisiana Long-Arm Statute, La. R.S. 18:3201, et seq. Service on Mr. Friedman was again requested to be withheld.
On February 27, 2003, Mr. Grevemberg filed a “Second Supplemental, Amending and Restated Petition for Damages,” essentially reiterating the allegations of his prior pleadings, except to again name STRATFOR Systems, Inc. (the reorganized corporation) as defendant and to |4clarify that the successor limited liability company was “merged into” the reorganized corporation, which in turn was “now known as Infraworks Corporation.” A set of interrogatories and a request for admissions of fact were also filed with the second amended petition, and service of the petition and discovery requests was requested on all defendants under the Louisiana Long-Arm Statute, La. R.S. 13:3201, et seq.
On April 21, 2005, Mr. Grevemberg filed affidavits of service by certified mail, pursuant to La. R.S. 13:3205, with the trial court. Two of those affidavits, identical in content (except for two different return receipts), verified the mailing of the citation and a certified copy of the second amended petition to Mr. Friedman and the receipt of those documents on March 12, 2003. .
*917 On May 20, 2005, Mr. Grevemberg filed a motion for preliminary judgment by default against the defendants, including Mr. Friedman. The preliminary judgment by default was signed on May 24, 2005.
On July 20, 2005, the default judgment against the defendants was confirmed after a hearing in open court before the trial court’s duty judge, Judge Kay Bates. The minute entry recited that the default judgment was confirmed “[ujpon documentary evidence and testimony heard.” On the same date, the written default judgment in favor of Mr. Grevemberg and against all defendants was signed. This devolutive appeal by Mr. Friedman followed.
MOTION TO SUPPLEMENT RECORD
On July 7, 2006, Mr. Grevemberg filed a motion in this court to supplement the record with two exhibits. The exhibits are (1)a copy of a letter dated April 15, 2002 from Mr. Grevemberg’s counsel to the clerk of the trial court, requesting the preparation of citation for service of the | soriginal and first amended petitions upon Mr. Friedman, and (2) a letter of April 15, 2002 from Mr. Grevemberg’s counsel to Mr. Friedman, purportedly enclosing a citation and certified copies of the original and first amended petitions, with copies of the citation, the certified mail envelope postmarked that date and marked “unclaimed,” and the incomplete return mail receipt. Mr. Friedman objects to supplementation of the record. As the first exhibit bears on its face stamped indicia of its receipt and the receipt of the court costs described therein by the clerk of the trial court, we will grant the motion in part, and hereby order the appeal record supplemented with that exhibit. As to the other exhibit, we deny the motion. As Mr. Friedman correctly observed in his opposition to the motion, there is no indication or showing that the exhibit was ever a part of the trial court record or filed with the trial court.
ASSIGNMENTS OF ERROR
Mr. Friedman cites three specific assignments of error by the trial court, which we summarize as follows:
(1) The trial court erred in confirming the - default judgment on the promissory note against Mr. Friedman, as he did not sign the note;
(2) The trial court erred in confirming the default judgment against Mr. Friedman, as service of citation was not requested within 90 days of commencement of the action, as required by La. C.C.P. art. 1201(C);
(3) In the alternative, the trial court erred in awarding an unreasonable attorney fee.
Elsewhere in his appellate brief, Mr. Friedman characterizes the basis of the trial court’s error and his appeal in general terms, contending that “the plaintiff failed to establish a prima facie case against George Friedman.” We construe this as a general assignment of error. See La. C.C.P. art. 2129 and Greenfield v. Lykes Bros. S.S. Co., 02-1377, p. 4 n. 2 (La.App. 1st Cir.5/9/03), 848 So.2d 30, 32 n. 2. As will be seen, it is on this latter basis that we resolve this appeal.
ANALYSIS OF THE MERITS
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). In order for a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the *918 court that it is probable that he would prevail on a trial on the merits. Bates v. Legion Indem. Co., 01-0552, pp. 3-4 (La.App. 1st Cir.2/27/02), 818 So.2d 176, 178.
When reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of a default judgment. Bates, 01-0552 at p. 4, 818 So.2d at 178. When a default judgment recites that the plaintiff has produced due proof in support of his demand and that the law and evidence favor the plaintiff and are against the defendant, there is a presumption that the default judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct, and the appellant has the burden of overcoming that presumption. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 527, 263 So.2d 875, 878 (La.1972). However, that presumption does not apply where the testimony is transcribed and is contained in the record. Bates, 01-0552 at p. 4, 818 So.2d at 179.
The documentary evidence introduced at the confirmation hearing consisted of two exhibits: (1) the affidavits of Suzanne B. Rivere, secretary [7to Mr. Grevemberg’s attorney, introduced in globo, verifying the mailing of the petition and citation to the defendants by certified mail and her receipt of the corresponding return receipts, with copies of those receipts; and (2) a copy of the attorney-client contract between Mr. Grevemberg and his attorney. Noticeably absent from the evidence is the promissory note itself.
The cover page of the hearing transcript bears the case caption, docket number, the duty judge’s name, the date of the confirmation hearing, and the description of the proceeding as “Hearing in Duty Court.” The court reporter’s certificate dated March 8, 2006 states that the transcript is “a true and accurate transcript of the aforesaid matter.” The transcript is limited to the testimony of one witness, Mr. Grevemberg’s attorney, who testified regarding the nature and extent of the professional services provided to his client, and confirmed that he and his client were “simply trying to collect on the note.”[2]
Both the signed judgment and the trial court’s minute entry for the hearing date provide that the monetary award was for the “principal amount” of $212,218.43, together with eight percent interest, the principal amount and conventional rate of interest described in the copy of the note attached to the petition. Thus, the judgment at issue does not award any damages on Mr. Grevemberg’s claim based on breach of fiduciary duty and fraud, but rather is limited to the monetary award of the principal and conventional |sinterest due on the note, as well as an award of attorney fees authorized under the terms of the note.[3]
*919 Initially, we observe that the record does not contain any documentary evidence or testimony supporting Mr. Friedman’s assumption of liability for the obligation represented by the promissory note, whether based upon an indorsement of the note or other conventional assumption of such liability, or upon a theory of fraud, breach of fiduciary duty, “single business enterprise,” or “piercing the corporate veil.” Generally, “[a] person is not liable on an instrument unless ... the person signed the instrument.” La. R.S. 10:3-401(a)(i). See also Finance One of Houma, L.L.C. v. Barton, 99-1719, pp. 6-7 (La.App. 1st Cir.9/22/00), 769 So.2d 739, 742. But we have determined that this appeal can be resolved on a more fundamental basis, obviating any detailed analysis of the other substantive and procedural assignments of error and issues raised by the parties.
Louisiana Code of Civil Procedure article 1702(B), addressing various forms of prima facie proof for confirmation of default judgments, provides the following with regard to conventional obligations and promissory notes:
(1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima fa-cie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
[[Image here]]
|9(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
In a suit on a promissory note, the note itself is the very foundation of the cause of action. Lindsley-Feiber Motor Co. v. Brumfield, 111 So.2d 555, 558 (La.App. 1st Cir.1959). Therefore, the introduction into evidence of the original promissory note is the required proof. First Homestead Fed. Sav. and Loan Ass’n v. Coleman, 446 So.2d 551, 553 (La.App. 3rd Cir.1984).[4] If the plaintiff fails to either produce the note or to satisfactorily explain his failure to do so, and that failure is apparent on the face of the record, he has failed to prove the prima facie case necessary to obtain a valid default judgment. Lindsley-Feiber, 111 So.2d at 558-59.
Louisiana Code of Evidence article 1002 establishes a corollary evidentiary rule that “[t]o prove the content of a writing, ... the original writing ... is required,” unless an exception is provided by law. Louisiana Code of Evidence article 1003(3) provides that a duplicate of a document “is admissible to the same extent as an original unless ... [t]he original is a ... contract on which the claim ... is based.” (Emphasis supplied.) This article “eliminates the possibility of a photostatic duplicate of a promissory note being employed *920 in a suit for payment, only to have a claimant bearing the original note present it for payment at a later date.” La. C.E. art. 1003, Official Comments, (c). (Emphasis supplied.) There is no allegation nor evidence in the record tending to establish that the original note was lost, destroyed, or otherwise unavailable. See La. C.E. art. 1004.
|inIt might be argued that the request for admissions addressed the issue of the genuineness of the copy of the note attached as an exhibit, and if the note’s genuineness is deemed admitted, La. C.E. art. 1007 would serve to excuse the failure to introduce the original note into evidence. That article provides that the content of a writing may be proved by the adverse party’s “written admission, without accounting for the nonproduction of the original.” See also Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325, 1328-30 (La.1976); Johnston v. Broussard, 41,477, p. 4 (La.App. 2nd Cir.9/20/06), 940 So.2d 79, 82. Reading the request for admissions, it is questionable whether its wording sufficiently requests a specific admission of the note’s genuineness or the substance of its contents.[5] But even if the request for admissions may be read as seeking the admission of the note’s genuineness or contents, there is no proof in the record that the request for admissions was properly served on Mr. Friedman and thereafter deemed admitted, nor was either the request for admissions or a duplicate of the note actually introduced into evidence.[6]
*921 |nIn summary, the jurisprudential rule requiring the introduction of the original promissory note and the general evidentia-ry rule of La. C.E. art. 1002 apply to invalidate the default judgment. The original promissory note was not introduced into evidence; thus, we do not reach the issue of whether the absence of Mr. Friedman’s signature is fatal to Mr. Grevem-berg’s judgment against him. As Mr. Friedman’s liability in the judgment is predicated upon the promissory note, the default judgment cannot stand, and is accordingly reversed. All costs of this appeal are assessed to the plaintiff-appellee, Robert L. Grevemberg, Jr.
MOTION TO SUPPLEMENT RECORD GRANTED IN PART AND DENIED IN PART; REVERSED.
KUHN, J., concurs and assigns reasons.

. Mr. Marshall was not named as a defendant in the petition, nor was it alleged that he was individually liable on the promissory note,

. Although Mr. Grevemberg argues on appeal that the transcript is only a partial transcript, he did not seek to supplement the record on appeal with any additional transcript or note of evidence. See La. C.C.P. art. 2132. The official certificates of the clerk of the trial court and the court reporter as to the completeness of the record are thus entitled to deference. To his credit, Mr. Grevemberg's counsel freely admitted in his testimony to the trial court that although he was retained on a contingent fee basis of 40% of any recovery after trial, he did not feel that an award of attorney fees based upon that percentage would constitute the “reasonable attorney fees” recoverable under the note’s terms. Instead, he suggested an award of $30,000.00, which was accepted by the trial court.

. According to the copy of the note attached to the petition, the note also provided that its interest was to be “compounded annually” and the trial court's oral reasons recited that the interest in the judgment was to be so compounded. However, the signed judgment provided only for "interest in the amount of *919 eight (8%) percent thereon, accruing annually.” Thus, the judgment interest must be construed to be simple interest, rather than compound interest. See La. C.C. art. 2001, La. R.S. 9:3500, and Seals v. Morris, 465 So.2d 140 (La.App. 1st Cir.1985).

. Even if the original promissory note is attached to the plaintiff's petition, such does not constitute proper proof of the claim on the note; it is simply a part of the pleadings. Id., citing La. C.C.P. art. 853 and Jackson v. Gordon, 381 So.2d 520, 521 (La.App. 1st Cir. 1980). Pleadings are not evidence. In re Melancon, 05-1702, p. 7 (La.7/10/06), 935 So.2d 661, 666.

. The request sought admissions as to most of the petition’s allegations, including admissions that the attached note was signed by Mr. Marshall in favor of Mr. Grevemberg; that on the face of the note, Strategic Forecasting, L.L.C. was the obligor; that no payments were ever made on the note and that it was due and payable; that due to the business reorganizations, all of the defendants were obligors on the note; and that "George Friedman is liable for the indebtedness represented by the installment note attached as Exhibit 'A'.” The latter two matters seem to address ultimate legal conclusions rather than facts. Louisiana Code of Civil Procedure article 1466 does not authorize a request for admission of a conclusion of law. Instead, the article authorizes only requests for admission of "relevant matters of fact” and the genuineness of documents. Ball Mktg. Enter, v. Rainbow Tomato Co., 340 So.2d 700, 702 (La.App. 3rd Cir.1976).

. The eight affidavits of service executed by Ms. Rivere and introduced at the hearing each bear the caption, "Affidavit of Individual Mailing of Citation and Petition to Defendant.” They differ from the affidavits of service previously filed in the record in that each affidavit (including two relating to Mr. Friedman) recites that Ms. Rivere “obtained a certified copy of the Request for Admissions of Fact” from the clerk of court, and that she mailed "a certified copy of the citation, and of the petition, to the defendant ... by certified mail.” (Emphasis supplied.) Thus, none of the affidavits verify the service by certified mail of the request for admissions on any defendant. See La. R.S. 13:3204(A) and 13:3205. There being no competent proof of service of the request upon Mr. Friedman, the matters set forth therein cannot constitute admissions by reason of any failure to respond. Additionally, La. C.C.P. art. 1474(C)(2) provides that "[i]f ... requests [for production or admissions] ... or responses are to be used at trial or are necessary to a pretrial motion which might result in a final order [szc] on any issue, the portions to be used shall be filed in the proceedings at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated.” That language might conceivably be read as authorizing the trial court's consideration of discovery pleadings filed in the record without their formal introduction into evidence. The request for admissions at issue here was in fact filed in the record. However, paragraph D of the article expressly provides that the article’s provisions "shall not be construed to preclude the filing of any discovery materials as exhibits or as evidence in connection with a motion or at trial.” (Emphasis supplied.) If it would be sufficient to simply file discovery pleadings in the record instead of formally introducing them into evidence at a hearing (other than as authorized *921 by La. C.C.P. art. 966 for a motion for summary judgment) or a trial, then paragraph D's language would be superfluous.