MATRIX CONSTRUCTION CO., INC.
v.
MARK D. PATEL, CHARLES (CHUCK) PATEL, MIKE PATEL, d/b/a RED BIRD, INC., a/k/a RED ROBIN RESTAURANT, AND BIG RED BIRD, INC.
No. 2007 CA 0153.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
ERIK E. KJELDSEN, Counsel for Intervenor/Appellee Southern Fine Finishes, Inc.
ROBERT L. REDFEARN, ROBERT L. REDFEAM, JR., Counsel for Defendant/Appellant 2RT, L.C.
Before PARRO, KUHN, and DOWNING, JJ.
KUHN, J.
In this appeal, we address whether the trial court erred in confirming a default judgment in favor of intervenor-appellee, Southern Fine Finishes, Inc. ("Southern"), and against defendant-appellant, 2RT, L.C. ("2RT"). Because we find that Southern failed to establish a prima facie case to support the confirmation of default judgment rendered in its favor, we reverse and remand.

I. PROCEDURAL AND FACTUAL BACKGROUND
Plaintiff, Matrix Construction Co., Inc. ("Matrix"), filed a suit for damages and breach of contract naming as defendants, Mike Patel, Charles "Chuck" Patel, Mark Patel, Joann Patel, and Big Red Bird, Inc. ("Big Red Bird"). Matrix alleged: 1) the defendants had contracted with it to construct the Red Robin Restaurant at the Mall of Louisiana in Baton Rouge;[1] 2) the contract between the parties was in the name of Red Bird, Inc. and signed by Mark Patel; 3) it later learned that the Louisiana Secretary of State did not have a corporation named Red Bird, Inc. on file, and Matrix believed the corporation did not exist; 4) Red Robin Restaurant and Big Red Bird, as franchisee, had derived a benefit from Matrix's work; and 5) during construction, the Patels acted with apparent authority and made representations on behalf of Big Red Bird and Red Robin Restaurant. Matrix sought to recover $42,359.12, plus attorneys' fees, costs, and interest.
Matrix later amended its petition to name 2RT as a defendant, asserting that 2RT had purchased the assets, liabilities, and the business enterprise of the Red Robin Restaurant and that 2RT had been unjustly enriched by Matrix's work.
Southern filed a petition of intervention against the Patels and Big Red Bird, alleging: 1) it had contracted with Charles Patel, who represented himself to be the owner of Red Robin Restaurant, to provide painting and drywall work at the Red Robin Restaurant; 2) the total contract price was $18,100.00, and although Southern had completed the contract work, the defendants paid only $4,500.00 of the amount due; 3) Southern later discovered that Big Red Bird, a foreign corporation domiciled in Carson City, Nevada, purportedly owned the Red Robin Restaurant franchise; 4) the conduct of the Patel defendants constituted a "common business enterprise" that operated ostensibly as the Red Robin Restaurant; and 5) Southern had filed a contractor/materialman's lien to protect its interest. Pursuant to its intervention, Southern sought to recover $13,600.00, which was the balance due under the contract, general damages, attorneys' fees, interest, and costs.
Southern later amended its petition, also naming 2RT as a defendant. Southern alleged that after it had performed its work and recorded its lien, 2RT had purchased the business enterprise that operated as the Red Robin Restaurant from the Patels or Big Red Bird d/b/a Red Robin Restaurant. Southern asserted that because 2RT had purchased the assets and assumed the liabilities of the business enterprise of the Patels and/or Big Red Bird d/b/a Red Robin Restaurant ("the business enterprise"), 2RT was liable for the outstanding balance due on the contract between Southern and Charles Patel. Southern further asserted that 2RT was unjustly enriched by Southern's improvements to the restaurant premises.
Southern filed a motion for a preliminary default based on 2RT's failure to file responsive pleadings, and on June 12, 2000, the trial court ordered the entry of a preliminary default against 2RT into the court minutes. Also upon Southern's motion, the trial court ordered the entry of a preliminary default against Mark Patel into the court minutes.[2]
Following a June 16, 2000 bench trial, at which all defendants failed to appear, the trial court signed a July 7, 2000 judgment in favor of Southern and against Charles, Mike, and Joann Patel in the amount of $13,600.00, plus attorneys' fees, court costs, and legal interest, reserving all rights against Mark Patel, Big Red Bird, and 2RT.[3]
Following a hearing addressing whether Southern's preliminary default against 2RT and Mark Patel should be confirmed, the trial court signed a September 7, 2000 judgment in favor of Southern and against Mark Patel and 2RT, in solido, in the amount of $13,600.00, plus reasonable attorneys' fees through June 15, 2000, of $7,698.00, and all future reasonable attorneys' fees, plus court costs, legal interest from date of judicial demand until paid, and costs of collection.[4] 2RT has appealed this judgment, asserting the trial court erred in confirming the default judgment.[5]
The appeal record contains no transcript of the September 7, 2000 proceeding. Southern introduced only two documents at the confirmation hearing: 1) a letter sent to Mark Patel by Southern's attorney that demanded payment of $13,600.00 within fifteen days of the letter's receipt; and 2) a partial waiver and lien release furnished to Red Robin Restaurant by Southern, indicating that the release did not apply to "disputed claims for extra work in the amount of $17,500.00."

II. ANALYSIS
On appeal, 2RT urges the confirmation of default judgment is not supported by prima facie evidence. It asserts the record fails to establish any liability of 2RT for any debt owed to Southern by the Patels or Big Red Bird. 2RT also urges that a cause of action for unjust enrichment is subsidiary and does not exist when the law provides another remedy for the creditor.
Southern contends that because there is no transcript in the record of the hearing confirming the default judgment against 2RT, there is a legal presumption that the judgment rendered was obtained upon sufficient evidence and is correct. Southern claims that 2RT has cited nothing to overcome this presumption and urges that 2RT's defenses are forever closed by the confirmation of default judgment.
Louisiana Code of Civil Procedure article 1702A provides in part that "[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." In order for a plaintiff to obtain a confirmation of default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though the defendant denied each of the allegations in the petition. Grevemberg v. G.P.A. Strategic Forecasting Group, Inc., 06-0766, p.6 (La. App. 1st Cir. 2/9/07), 959 So.2d 914, 917. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id., 06-0766 at p.6, 959 So.2d at 917-918. When reviewing a confirmation of default judgment, an appellate court is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Id., 06-0766 at p.6, 959 So.2d at 918.
There is no requirement that a party confirming a default must have the testimony reduced to writing or that a note be made of the evidence introduced. However, when a judgment has been rendered and no note of evidence has been made, it is incumbent on the appellant to secure a narrative in accordance with Louisiana Code of Civil Procedure article 2130 and 2131. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 526-27, 263 So.2d 875, 877 (1972). When the confirmation of default judgment recites that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, and there is no note of evidence regarding parol testimony, a presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Id., 262 La. at 527-28, 263 So.2d at 878.
In the instant case, although the judgment stated that the court had "consider[ed] the law, evidence presented, pleadings filed herein, and testimony of the witnesses" in rendering its judgment, we find the presumption is inapplicable. Southern's demand against 2RT based on the theory that 2RT purchased the business enterprise in question, thereby assuming its liabilities, is a demand that depends upon written proof. See Ascension Builders, Inc. v. Jumonville, 262 La. at 528, 263 So.2d at 878. Where such written proof does not exist, the presumption is rebutted, and the record must be found to be insufficient to support the judgment. Id.
Louisiana Civil Code article 1821 provides in pertinent part, "An obligor and a third person may agree to an assumption by the latter of an obligation of the former. To be enforceable by the obligee against the third person, the agreement must be made in writing." In the present case, Southern's petition alleged that 2RT (a third person) agreed to assume the obligations of the business enterprise, which operated as the Red Robin Restaurant, from the Patels or Big Red Bird d/b/a Red Robin Restaurant (the obligors). Southern contends that this assumption of liability encompassed the business enterprise's obligation to pay Southern for its drywall and painting services. Based on the language of Louisiana Civil Code article 1821, a writing evidencing 2RT's agreement to assume this liability is required for Southern (the obligee) to enforce this alleged agreement. In the absence of this written proof, the presumption of legality that attaches to the confirmation of default judgment is removed because the record is insufficient to support the judgment.
We recognize that Southern also urged in its petition the alternative claim of unjust enrichment. Louisiana Civil Code article 2298 provides, in relevant part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The five requirements for a showing of unjust enrichment are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and the resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff. Baker v. Maclay Properties Co., 94-1529, p. 18 (La. 1/17/95), 648 So.2d 888, 897. The existence of a claim on an express or implied contract precludes application of the unjust enrichment theory because the potential claim constitutes a remedy at law available to the plaintiff. Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 572, and 575 (La. 1989); Jackson v. Capitol City Family Health Center, 04-2671, p.7 (La. App. 1st Cir. 12/22/05), 928 So.2d 129, 133.
In this case, the record establishes that Southern had an alternative remedy, i.e., a contractual claim against the Patel defendants and/or Big Red Bird. In fact, the record evidences that Southern obtained a judgment against Charles, Mike, and Joann Patel in the amount of $13,600.00, plus attorneys' fees, court costs, and legal interest. As such, we find the record reveals that Southern was not entitled to recover against 2RT on the basis of unjust enrichment.

III. CONCLUSION
For these reasons, we find the record does not contain sufficient evidence to establish a prima facie case that Southern was entitled to a confirmation of the default judgment against 2RT. The September 7, 2000 judgment is reversed insofar as it rendered judgment in favor of Southern and against 2RT. Appeal costs are assessed against intervenor-appellee, Southern.
REVERSED.
NOTES
[1] Southern alleged that the Patels and/or Big Red Bird had leased the premises from Mall of Louisiana Associates.
[2] Upon Matrix's motions for preliminary default, the trial court also ordered the entries of preliminary defaults into the court minutes in favor of Matrix and against Big Red Bird, 2RT, and Mark Patel. The trial court signed a judgment confirming these default judgments on September 7, 2000. That judgment is not at issue in this appeal.
[3] The July 7, 2000 judgment also ordered judgment in favor of Matrix and against Charles, Mike, and Joann Patel in the amount of $77,927.80, plus interest, attorneys' fees, and court costs, reserving all rights against Mark Patel, Big Red Bird, Red Bird, Inc., and 2RT.
[4] The judgment also provided that rights were reserved as to other defendants in the suit.
[5] Our appeal record contains no indication that the clerk of court mailed notice of the signing of this confirmation of default judgment to 2RT in accordance with Louisiana Code of Civil Procedure article 1913A. The record does not contain anything indicating the critical date from which the delays for applying for a new trial, or the delays of appealing, could have begun to toll. Louisiana Code of Civil Procedure articles 1974, 2087, and 2123; Roy Fink, Inc. v. State, 464 So.2d 1064, 1066 (La. App. 1st Cir.), writs denied, 467 So.2d 539 and 541 (La. 1985). Appeals are favored, and we conclude this appeal is timely.