BEAR INDUSTRIES, INC.
v.
NATURE MATTERS, L.L.C., DILAN LANDRY, AND TIRA M. LEBLANC
No. 2008 CA 0924
Court of Appeals of Louisiana, First Circuit.
October 31, 2008.
NOT DESIGNATED FOR PUBLICATION
CRAIG KASTER, Counsel for Plaintiff-Appellee, Bear Industries, Inc.
DANNIE P. GARRETT, III, Counsel for Defendant-Appellant Tira M. LeBlanc.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
KUHN, J.
In this appeal, we consider whether the trial court erred in confirming a default judgment in favor of plaintiff-appellee, Bear Industries, Inc., and against defendant-appellant, Tira M. LeBlanc. Because we find that Bear Industries established a prima facie case that supported the confirmation of default judgment, we affirm.

I. PROCEDURAL AND FACTUAL BACKGROUND
On August 15, 2007, Bear Industries filed suit against defendants, Nature Matters, L.L.C., Dilan Landry, and LeBlanc, claiming they were liable in solido "in the full sum of $37,977.72, together with 18% interest from date due until paid, along with 25% attorney's fees and for all costs of these proceedings." The petition further alleged: 1) Bear Industries provided limestone materials to the defendants on account from May 24, 2007, to July 6, 2007, as reflected on a statement of account attached to the petition; 2) the sums have been due and owing to Bear Industries since August 5, 2007; and 3) Landry and LeBlanc executed a credit application and personal guaranty (also attached to the petition as an exhibit), agreeing to be personally obligated for the debt of Nature Matters.
On October 4, 2007, and October 16, 2007, Bear Industries obtained preliminary default judgments against Landry and Nature Matters, respectively. On October 19, 2007, a judgment confirming these default judgments ordered judgment in favor of Bear Industries and against Landry and Nature Matters, in solido, in the amount of $37,977.72, together with 18% interest thereon from August 5, 2007, until paid, $5,000 in attorney's fees, and costs of the proceedings.
In a motion and order to appoint a private process server, counsel for Bear Industries stated that a sheriff's return indicated that despite due and diligent effort to serve the petition on LeBlanc, the sheriff was unable to effect service as requested. On October 3, 2007, Bear Industries obtained an order appointing Lisa Fazio as private process server to serve the citation and petition on LeBlanc. Fazio's service return indicates that LeBlanc was personally served with Bear Industries' petition and its request for admission of facts on October 25, 2007. However, based on our review of the record and on the January 3, 2008 clerk of court's certificate, LeBlanc failed to file any responsive pleadings after service of process.
On November 16, 2007, Bear Industries obtained a preliminary default judgment against LeBlanc, and on January 9, 2008, the trial court confirmed the default judgment, signing a judgment in favor of Bear Industries and against Leblanc, in the amount of $37,977.72, with 18% interest thereon from August 5, 2007 until paid, $3,000.00 in attorney's fees, and costs of the proceedings.[1] LeBlanc has appealed, claiming: 1) Bear Industries failed to allege the facts necessary to establish LeBlanc's liability under the alleged personal guaranty; and 2) Bear Industries' evidence adduced at the confirmation of the preliminary default judgment was insufficient to establish a prima facie case against Leblanc.

II. ANALYSIS
A judgment by default may be entered against a defendant who fails to answer within the time prescribed by law. La. C.C.P. art. 1701A.[2] Louisiana Code of Civil Procedure article 1702 specifies the procedure and evidence necessary to confirm a default. Louisiana Code of Civil Procedure article 1702A, B(1), and C govern when a demand is based on a conventional obligation.[3]
In a confirmation hearing on a default judgment, a plaintiff must present competent evidence that convinces the court that it is more probable than not that he would prevail in a trial on the merits. Signlite, Inc. v. Northshore Service Center, Inc., 05-2444 (La. App. 1st Cir. 2/9/07), 959 So.2d 904, 906-907. When the confirmation of default judgment recites that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, and there is no note of evidence regarding parol testimony, there is a presumption that the default judgment has been rendered on sufficient evidence to establish a prima facie case and is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 527, 263 So.2d 875, 878 (1972). The defendantappellant has the burden of overcoming that presumption. Assamad v. Percy Square and Diamond Foods, L.L.C., 07-1229 (La. App. 1st Cir. 7/29/08), ___ So.2d ___.[4] In the instant case, because the judgment confirming the default provides that Bear Industries produced due proof in support of its demand and the law and evidence are in its favor, the presumption of the validity of the confirmation of default judgment applies.
When reviewing a confirmation of default judgment, an appellate court is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Grevemberg v. G.P.A. Strategic Forecasting Group, Inc., 06-0766 (La. App. 1st Cir. 2/9/07), 959 So.2d 914, 918.
LeBlanc asserts on appeal that Bear Industries failed to establish the authenticity of her signature on the personal guarantee. However, Bear Industries served on Leblanc a request for admissions of fact, which sets forth the following specific requests:
REQUEST FOR ADMISSIONS OF FACT NO. 1:
LeBlanc executed the credit application and personal guaranty attached to the petition as Exhibit P2.
REQUEST FOR ADMISSIONS OF FACT NO. 2:
Petitioner provided limestone materials to the defendants between May 24, 2007 through July 6, 2007 valued at $37,977.72.
REQUEST FOR ADMISSIONS OF FACT NO. 3:
The defendants currently owe the petitioner $37,977.72. REQUEST FOR ADMISSIONS OF FACT NO. 4:
The sums have been due and owing to the petitioner since August 5, 2007.
A party may serve upon any other party a written request for the admission of the truth of any relevant matters of fact. La C.C.P. art. 1466. Generally, the matter is deemed admitted if the party to whom the request is directed does not respond within 15 days after service of the request. La. C.C.P. art. 1467. Any matter deemed admitted under article 1467 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. La. C.C.P. art. 1468. The court may permit withdrawal of an admission when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal of the admission will prejudice him in maintaining his action or defense on the merits. La. C.C.P. art. 1468; Prestage v. Clark, 97-0524 (La. App. 1st Cir. 12/28/98), 723 So.2d 1086, 1090, writ denied, 99-0234 (La. 3/26/99), 739 So.2d 800.
The record establishes that the requests for admission were served on LeBlanc, along with the Bear Industries' petition on October 25, 2007, and that LeBlanc failed to file any responsive pleadings prior to confirmation of the default judgment. Further, LeBlanc filed no motion to withdraw these admissions. Thus, these facts are deemed admitted and constitute prima facie evidence that LeBlanc signed the personal guaranty.
Additionally, the record contained two items attached to the petition: Pl) a July 31, 2007 invoice from Bear Industries for the total amount due of $37,977.72 that bore a notarized certification that it was a true and correct statement of account; and P2) the "Credit Application & Guaranty," completed on behalf of Nature Matters. The latter document contains the "Personal Guarantee," signed by LeBlanc as guarantor on May 22, 2007. Pursuant to the terms of the guarantee, LeBlanc agreed to be fully bound to the conditions of credit set forth in the credit application, including all late charges and attorney fee provisions.[5] Further, the record contained a notarized affidavit of correctness executed by Cass Moore, Bear Industries' secretary/treasurer, who stated that LeBlanc executed the personal guarantee that was attached to the petition as P-2. Moore also stated that the amount sought in the petition and the itemized statement of account attached to the petition (as P-1) was the correct amount owed to Bear Industries and the balance owed to Bear Industries at the time he executed the affidavit. Cass also identified as accurate the individual unpaid invoices dated between May 24, 2007, and July 6, 2007, attached to the affidavit of correctness.
Louisiana Civil Code article 1906 provides, "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." Pursuant to La. C.C. art. 1908, "A contract is bilateral, or synallagmatic, when the parties obligate themselves reciprocally, so that the obligation of each party is correlative to the obligation of the other."
Since this is a suit on a conventional obligation, La. C.C.P. art. 1702A, B(1), and C required that Bear Industries establish that it completed its obligations under the contract. This was established pursuant to Request for Admissions of Fact No. 2 that states Bear Industries provided limestone materials to the defendants from May 24, 2007 through July 6, 2007, which was valued at $37,977.72. And pursuant to Request for Admissions of Fact No. 4, Bear Industries established that these sums have been owed to the petitioner since August 5, 2007. Since the record demonstrates that Bear Industries also obtained default judgments against the other defendants, Nature Matters and Landry, the record also establishes the underlying default necessary to enforce LeBlanc's guarantee.
LeBlanc also asserts as error that the petition inaccurately referred to her as an "applicant," who would have had primary liability for Nature Matters' debts. We conclude that any minor inaccuracies in the petition referencing the terms of the "Credit Application & Guaranty" were clarified by the terms of the document itself.
The January 9, 2008 confirmation of default judgment in favor of Bear Industries and against LeBlanc is in accordance with what was demanded in the petition, and the amount of damages awarded is the amount proven to be properly due as the remedy. La. C.C.P. art. 1703.

III. CONCLUSION
Based on our review of the record, we find Bear Industries established a prima facie case that supported the January 9, 2008 confirmation of default judgment rendered in its favor. Accordingly, we affirm the trial court's judgment. All costs are assessed against appellant, Tira M. LeBlanc.
AFFIRMED.
NOTES
[1] The judgment further provided, "This judgment taken together with the judgment entered October 19, 2007 obligates [LeBlanc], in solido, with the other defendants, [Nature Matters and Landry], for the full amount of this judgment along with the interest, attorney's fees and costs."
[2] Except as otherwise provided by law, a defendant shall file his answer within fifteen days after service of citation upon him. La. C.C.P. art. 1001.
[3] Louisiana Code of Civil Procedure article 1702 provides, in pertinent part:

A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
C. In those proceedings in which the sum due is on ... [a] conventional obligation..., a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
[4] The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the record contains a note of evidence introduced or a transcript of the proceedings in the trial court. Assainad. 07-1229, ___ So.2d at ___. In the present case, however, there was no hearing and no transcript of testimony. so the presumption is applicable.
[5] The credit application contained the following conditions of credit, in the clause signed by Landry:

In consideration of credit being extended to the above referenced company, I the undersigned, in my individual capacity, do jointly and severally, unconditionally guarantee and personally promise to pay all indebtedness accrued under this continuing guaranty agreement. I and the company agree to pay BEAR INDUSTRIES, INC. 1½ % per month, not to exceed 18% per year, interest on any purchase not paid within 30 days and 25% attorney's fees on any delinquent accounts turned over to an attorney for collection.
The personal guarantee also provided, in the clause signed by Landry:
The undersigned agrees and understands that is [sic] there is any default if [sic] non-payment by the above named credit applicant ... the undersigned guarantor shall be responsible or personally liable for said account, and expressly waives the requirement or personal notice of non-payment, demand, dishonor, or non-performance. The undersigned guarantor further agrees to be fully bound to the "Conditions of Credit" as above set forth, including all late charges and attorney fee provisions...."