HUGHES, J.
12This is an appeal by Marshall Investments Corporation (MIC) from the grant of a confirmation of a default judgment in favor of The Nature Conservancy (TNC) and against appellant, MIC, and Upland Properties, LLC (Upland),[1] in the amount of $456,564.80, plus interest and costs. For the reasons that follow, we reverse the confirmation of the default judgment against MIC and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
Upland was the owner of a 989-acre tract of land in St. Tammany Parish. Upland intended to improve and develop the land into a residential community known as Bedico Creek. The Bedico Creek project would affect wetlands located on the property. In such a ease, federal and state regulations require that land developers mitigate or offset the damages caused to the wetlands and require the developers to apply for a permit from the United States Army Corps of Engineers (the Corps). The permit necessary for the development of the Bedico Creek property required, among other things, that Upland contract with an off-site mitigation bank to fund the perpetual enhancement and management of 150 acres of pine flatwood/sa-vannah wetlands.
To fund the Bedico Creek project, Upland took out a construction loan with MIC. The loan documents were signed on March 17, 2005. The debt was secured by Mortgages, Security Agreements, and Assignments of Rents and Leases, which *1260 were filed and recorded in the St. Tammany Parish mortgage records.
Thereafter, to meet the permit’s requirement of enhancing and maintaining the wetlands, on May 26, 2005 Upland entered into a |/Mitigation Participation Agreement” with TNC, a conservation organization that protects and restores ecologically important lands and waters. Under the “Mitigation Participation Agreement,” TNC agreed to implement the mitigation required by the permit and Upland agreed to pay a certain sum, pursuant to a payment schedule.
Upland defaulted on both the construction loan with MIC and the “Mitigation Participation Agreement” with TNC. In accordance "with LSA-R.S. 9:5136, et seq., MIC foreclosed on the property and later purchased it at a public auction, which was held pursuant to executory process by order of the United States District Court for the Eastern District of Louisiana. The Act of Sale is dated June 4, 2008 and provides that MIC will acquire all of Upland’s “rights (but not its obligations) under any documents” and “all permits, licenses, franchises, certificates and other rights and privileges obtained in connection with the Land.” Although MIC held mortgages on the property, the subsequent contract, whereby TNC conveyed to Upland the use of the mitigation credits, was unsecured.
Thereafter, on December 10, 2008 TNC filed a “Petition for Damages from Breach of Contract and Unjust Enrichment” against both Upland and MIC for the remaining balance Upland owed it for the wetlands mitigation credits. TNC moved for a default judgment against both parties. That default judgment was confirmed after a hearing on March 25, 2009 and a judgment of $456, 564.80 was rendered against Upland and MIC, in solido. In written reasons for judgment, the trial court held that TNC had established a prima facie case against MIC under the theories of unjust enrichment and third-party beneficiary of a contract.
|4MIC filed a motion for new trial, which was denied by a judgment signed November 3, 2009. MIC appeals and asserts two assignments of error:
(A) The District Court Erred in Granting a Default Judgment to the Petitioner/Appellee Against Marshall Investments Corporation (“MIC”). The Petitioner/Appellee Failed to Establish a prima facie Case of Unjust Enrichment Against MIC as Required by Louisiana Code of Civil Procedure Article 1702(A) Because Cause Exists for the Alleged Unjust Enrichment and the Petitioner/Appellee has Another Remedy Available Under Law.
(B) The District Court Erred in Granting a Default Judgment to the Petitioner/Appellee Against MIC. The Petitioner/Appellee Failed to Establish a prima facie Case That it is a Third-Party Beneficiary of a Permit Between Upland Properties, LLC and the Army Corps of Engineers as Required by Louisiana Code of Civil Procedure Article 1702(A). The Permit Does Not Express an Intent to Benefit any Third-Party.
LAW AND ANALYSIS
To confirm a default judgment, the plaintiff must present proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702(A). A prima facie case is established if the plaintiff presents competent evidence sufficient to prove the essential elements of the petition as fully as if each allegation had been specifically denied. Clary v. D’Agostino, 95-0447 (La.App. 1st Cir.12/15/95), 665 So.2d 792, 793. Stated differently, the plaintiff must present competent evidence that convinces the court that it is more probable than not that *1261 he would prevail at a trial on the merits. See Grevemberg v. G.P.A. Strategic Forecasting Group, Inc., 06-0766 (La.App. 1st Cir.2/9/07), 959 So.2d 914, 917-18.
Appellate review of a confirmation of a default judgment is limited to a determination as to the sufficiency of the evidence offered. Grevemberg v. G.P.A., 959 So.2d at 918. And while there is a presumption as to the sufficiency of the evidence if the judgment recites that the plaintiff has | r,produced same, that presumption does not apply where the testimony is transcribed and contained in the record, as in this case. See Bates v. Legion Indem. Co., 01-0552 (La.App. 1st Cir.2/27/02), 818 So.2d 176,179.
1. Unjust Enrichment
Louisiana Civil Code article 2298 provides, in pertinent part, that:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude eases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The root principle of an unjustified enrichment is that the plaintiff suffers an economic detriment for which he should not be responsible, while the defendant receives an economic benefit for which he has not paid. Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 2007-0107 (La.App. 1st Cir.2/8/08), 984 So.2d 72; Scott v. Wesley, 589 So.2d 26, 27 (La.App. 1st Cir.1991). Unjust enrichment is only applicable to fill a gap in the law where no other remedy is provided for by law. Louisiana National Bank of Baton Rouge v. Belello, 577 So.2d 1099, 1102 (La.App. 1st Cir.1991); see also Coastal Environmental Specialists, Inc. v. Chem-Lig International, Inc., 00-1936 (La.App. 1st Cir.11/09/01), 818 So.2d 12,19.
The Louisiana Supreme Court in Minyard v. Curtis Products, Inc., 251 La. 624, 652, 205 So.2d 422, 432 (1967), set forth five prerequisites a plaintiff must prove to prevail under the theory of unjust enrichment:
1) an enrichment;
2) an impoverishment;
3) a connection between the enrichment and the impoverishment;
4) an absence of justification or cause for the enrichment and the impoverishment; and
5) no other available remedy at law for the impoverished party.
|fiMIC alleges that unjust enrichment principles do not apply to this case because there is justification or cause for the enrichment and the impoverishment, and there are other remedies at law available to TNC. Specifically, MIC argues that TNC’s impoverishment (preserving and maintaining 150 acres of wetlands) was justified or caused by the promise of Upland to pay a certain sum of money. MIC argues that the contract between Upland and TNC is a valid juridical act[2] and therefore precludes TNC from obtaining a judgment against MIC under the theory of unjust enrichment. Moreover, TNC had the legal remedy of filing suit against Up *1262 land and actually did successfully obtain a judgment against Upland for the full balance of the contract.
We find that the evidence presented by TNC at the hearing to confirm the default judgment supports MIC’s position that the fourth and fifth prerequisites of an unjust enrichment are not fulfilled in this case. The “Mitigation Participation Agreement” is a valid juridical act. As such, a valid juridical act caused TNC’s impoverishment and Upland’s enrichment, barring the applicability of unjust enrichment principles. While we agree that ultimately, MIC received a benefit, MIC did so through its rights as mortgagee and purchaser at a foreclosure sale of the Bedico Creek property.
Moreover, TNC also filed suit and obtained a judgment against Upland. While TNC may be unable to recover the unpaid balance of the contract pursuant to that judgment, we cannot overlook the fact that there was an obvious available legal remedy for TNC.
2. Third-Party Beneficiary
Louisiana Civil Code article 1978 provides that:
|7A contracting party may stipulate a benefit for a third person called a third party beneficiary.
Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary’s agreement.
While the written reasons for judgment state that “TNC is clearly a third party beneficiary of the provisions of the permit” issued by the Corps to Upland, TNC’s argument in brief to this court is that MIC is the third-party beneficiary of the mitigation agreement between TNC and Upland. To be thorough, we will address both positions.
This court, in Paul v. Louisiana State Employees’ Group Ben. Program, 1999-0897 (La.App. 1st Cir.5/12/00), 762 So.2d 136, 140, held that:
The Louisiana Civil Code provides that a contracting party may stipulate a benefit for a third person called a third-party beneficiary. LSA-C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third party is referred to as a “stipulation pour autrui.” See, e.g., Whitney Nat’l Bank v. Howard Weil Fin. Corp., 93-1568 (La.App. 4th Cir.1/27/94), 631 So.2d 1308, 1310. A stipulation pour autrui is never presumed. Rather, the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. Homer Nat’l Bank v. Tri-District Dev. Corp., 534 So.2d 154, 156 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1236 (La.1989). Additionally, to establish a stipulation pour autrui, the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract. Concept Design, Inc. v. J.J. Krebs & Sons, Inc., 96-1295 (La.App. 4th Cir.3/19/97), 692 So.2d 1203, 1205-06. The party demanding performance of an obligation pursuant to a stipulation pour autrui bears the burden of proving the existence of this obligation. See LSA-C.C. arts. 1831 and 1981.
As such, a stipulation pour autrui is intended to give to a third party a cause of action against an obligor but is not intended to allow an obligor to force a benefit on a third party. The stipulation for another must be beneficial to the other, not onerous. TNC, therefore, cannot force MIC into the position of a third-party beneficiary for the purpose of binding MIC to 18pay *1263 the debt of Upland. TNC could not recover from MIC under the theory that MIC is a third-party beneficiary of the mitigation agreement between TNC and Upland. MIC was not a party to the contract between TNC and Upland and was not contemplated as a third-party beneficiary in the traditional sense.
Nor can TNC force MIC to pay Upland’s contractual obligation under the mitigation agreement by way of the permit issued by the Corps. The potentially applicable language in the permit reads as follows:
7. The permittee has agreed to compensate for unavoidable impacts to wetland functions by:
[[Image here]]
c. Contracting with an appropriate off-site mitigation area/bank in St. Tammany Parish to fund the perpetual enhancement and management of 150 acres of pine flatwood/savannah wetlands. Proof of payment shall be provided to the Corps prior to the initiation of construction activities on site or within one year of permit issuance whichever occurs first. The permittee shall include a copy of this permit with the contribution sent to the bank sponsor.
Even assuming that the permit issued to Upland by the Corps is a “contract,” as contemplated by LSA-C.C. art. 1978, and that there is sufficient language in the permit to designate TNC as a third-party beneficiary, MIC cannot be forced to assume the obligation of Upland under the permit. MIC was not a party to the contract and obtained the property through foreclosure and public auction and thus, without any duty to assume the obligations of Upland. TNC’s remedy as a third-party beneficiary would be against Upland (or the Corps), and as noted, TNC has already obtained a judgment against Upland. Here again, MIC was not a party to any contract between Upland and the Corps and does not “step into the shoes” of Upland because it succeeded Upland through foreclosure and public auction.
|9CONCLUSION
We conclude that TNC cannot recover against MIC under any of the theories advanced. TNC had a direct remedy against Upland and in fact obtained a judgment against Upland pursuant to its contract. MIC is therefore not hable under a theory of unjust enrichment.
Nor can MIC be forced into the position of a third-party beneficiary of the contract between Upland and TNC in order to require it to assume the obligations of Upland. Nor, even if TNC is considered the beneficiary of an agreement between Upland and the Corps, can MIC be forced to assume the obligations of Upland when it was not a party to the contract and obtained the property through foreclosure and public auction.
Accordingly, we reverse the judgment appealed from against MIC and remand this case to the district court for further proceedings. All costs of this appeal are to be paid by TNC.
REVERSED AND REMANDED.

. Upland is not a party to this appeal.

. Comment (B) of the 2000 Revision Comments to LSA-C.C. art. 395 defines a "juridical act” as "a lawful volitional act intended to have legal consequences. It may be a unilateral act, such as an affidavit, or a bilateral act, such as a contract. It may be onerous or gratuitous.”