945 So.2d 89 (2006)
Shawn SMITH and Raychelle Fields
v.
AVANT GARDE HOMEOWNERS ASSOCIATION, INC., General Star Indemnity Company, Eustis Risk Management Resources, Cassie Billedeau, Joan Vanginneken and ABC Insurance Company.
No. 06-CA-427.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*90 Marianne S. Pensa, Frederick A. Miller & Associates, Metairie, Louisiana, for Defendant/Appellant.
Ashley L. Belleau, Patrick H. Patrick, Patrick, Miller, Burnside & Belleau, L.L.C., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
This is an appeal from the confirmation of a default judgment against third party defendant, Johannes Van Ginneken. For reasons that follow, we vacate the judgment of the trial court and remand the matter.
Plaintiffs in the underlying action are neighbors who brought suit against several defendants, including Joan Van Ginneken, for fire damage sustained to their condominiums. According to the petition filed on June 14, 2005, the fire ignited at 86 Avant Garde Circle in a condominium owned by Ms. Ginneken and occupied by Cassie Billedeau. On August 19, 2005, one of the defendants, Avant Garde Homeowner's Association, Inc. (Association), filed a cross-claim against Ms. Ginneken, seeking indemnification for the $5,000.00 deductible on its fire insurance policy on the theory that Ms. Ginneken is in default of the Declaration Creating and Establishing Condominium Property Regime (Declaration).[1]
On November 23, 2005, the Association filed a third party demand against Ms. Van Ginneken's husband, Johnannes Van Ginneken, after it was gleaned that he is the actual owner of the condominium.[2] The Association filed a motion for preliminary default on the third party demand on January 10, 2006. That default was confirmed on January 13, 2006. It is from that judgment that Johnannes Van Ginneken appeals.
Exception of Prescription
Before we consider the merits of the appeal, we must consider an exception of prescription filed by Mr. Ginneken in this Court. The Association opposed the exception, arguing that the third party action is a suit for contractual indemnification and, therefore, subject to a ten year prescriptive period. Alternatively, the Association argues that executive orders issued *91 after Hurricane Katrina suspended the liberative prescriptive and preemptive periods. We agree.
State of Louisiana Executive Order KBB 2005-32 issued on September 6, 2005 suspended legal deadlines including liberative prescriptive and preemptive periods through September 25, 2005. That order was made retroactive to August 29, 2005. That suspension was extended through October 25, 2005 by Executive Order, KBB 2005-48 issued on September 23, 2005, and through November 25, 2005 by Executive Order KBB 2005-67 issued on October 19, 2005. Accordingly, we deny the exception of prescription.
Default judgment
The basis for the grant of the default judgment is that Mr. Van Ginneken, as the owner of the unit in which the fire started, is liable to the Association for its expenses not covered by insurance by virtue of the Declaration, which holds a unit owner liable for the expense of any repairs not covered by insurance "rendered necessary by his act, neglect or carelessness." The Declaration extends that liability of the owner to the above described acts of the owner's lessees. Attached to the motion confirming the default are the Certificate of the Clerk that no answer was filed, a Certification by Helen Mura, president of the Association, and Affidavit of Correctness of Account by the Association's attorney, a copy of the $5,000.00 check from the Association, and a copy of the Declaration. Upon consideration of the motion and its attachments, the trial court rendered a default judgment against Mr. Van Ginneken in the amount of $5,000.00, together with legal interest, $2,871.00 in attorney's fees, $2,500.00 in future attorney's fees and $671.84 court costs. The judgment decreed further that Mr. Van Ginneken is liable for any amounts for which the Association is cast in judgment in the underlying action.
In brief to this Court, Mr. Van Ginneken asserts there was an insufficient prima facie evidence to support the default judgment. We agree. La. C.C.P. art. 1702 A provides in part that a "judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." A prima facie case sufficient to confirm a default judgment is established only when the party proves with competent evidence the essential allegations of his petition as fully as if each of the allegations were specifically denied. Beevers v. Burmaster, 00-1951 (La.App. 5 Cir. 4/11/01) 787 So.2d 381, 384.
Applying the above law to the matter before us, we find the record is totally devoid of any evidence relating to causation of the fire, a necessary element in the Association's cause of action for uninsured amounts due as a result of acts of the owner's lessee. The Association asserts that a prima facie showing on the element of causation was satisfied by a judicial admission made in an answer filed to the original petition by Joan Van Ginneken and State Farm, which denies any negligence on the part of either Mr. or Mrs. Van Ginneken, and further asserts that the fire was caused by the negligence of either Ms. Billedeau and/or the Association. That pleading is not in the record before us.[3] However, even assuming arguendo that the Association is correct in its statement, it is of no consequence.
La. C.C. art. 1853 provides that;

*92 A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
Mr. Van Ginneken was never made a party to underlying action and cannot be bound by the assertions in the answer to that action filed by Mrs. Van Ginneken and State Farm.
For the foregoing reasons we vacate the judgment of the trial court and remand the matter for further proceedings.
JUDGMENT VACATED; MATTER REMANDED.
NOTES
[1] The Association also named Ms. Billedeau as a defendant in the cross-claim.
[2] The Association was dismissed from the original lawsuit when plaintiffs failed to amend their petition after a grant of a no cause of action exception.
[3] The pleading is attached to the Association's sur-reply brief. However this Court is without jurisdiction to consider any evidence not in the record. Barrois v. Wal-Mart Stores, Inc., 97-636 (La.App. 5 Cir. 11/25/97) 703 So.2d 798