993 So.2d 787 (2008)
Robert L. MILLER, Jr. and Diana M. Miller
v.
Joseph T. ARNONA.
No. 08-CA-238.
Court of Appeal of Louisiana, Fifth Circuit.
August 19, 2008.
*788 William E. "Skip" Willard, William E. Willard, LLC, Prairieville, Louisiana.
Malcolm J. Peytavin, Martin, Himel, Peytavin & Nobile, Lutcher, Louisiana, for defendant/appellant.
Panel composed of Judges FREDERICKA HOMBERG WICKER, GREG G. GUIDRY, and ROBERT L. LOBRANO.
ROBERT L. LOBRANO, Judge Pro Tempore.
The defendant, Joseph Arnona, has appealed from a default judgment entered against him. For the reasons that follow, we vacate the default judgment and remand this matter.

FACTS:
Plaintiff, Robert Miller, and defendant, Joseph Arnona, were first managers of *789 Gulf Stream Restaurant, LLC. This entity operated a restaurant in a building owned by Gulf Stream Marina, LLC, located in Grand Isle, Louisiana. Mr. Arnona was a member of Gulf Stream Marina, LLC. In May 2005, Mr. Arnona and Gulf Stream Marina, LLC chose to withdraw from Gulf Stream Restaurant, LLC and informed Mr. Miller that as per the operating agreement, he had to vacate the premises. Mr. Miller did not vacate the premises and eviction proceedings were instituted. However, Mr. Miller continued to operate the restaurant. On August 29, 2005, Hurricane Katrina struck southeast Louisiana, including Grand Isle. Three weeks later Grand Isle sustained damage from Hurricane Rita.
At sometime shortly after the hurricanes struck, Mr. Arnona entered the building and removed and discarded foodstuffs from the building. On August 28, 2006, Mr. Miller and his wife, Diana Miller, filed suit against Mr. Arnona alleging that Mr. Arnona "unlawfully and with malice removed and destroyed nonperishable items from the premises" and damaged and destroyed restaurant equipment. The Millers alleged that Mr. Arnona threatened them with bodily harm if they attempted to enter the premises. The petition further alleged the Millers suffered monetary losses and physical pain and suffering as a result of the actions of Mr. Arnona. Mr. Arnona received personal service of the petition on September 11, 2006. On February 1, 2007, a Judgment of Preliminary Default was entered. On March 26, 2007, a hearing was held to confirm the default judgment. At the conclusion of the hearing, judgment was rendered in favor of plaintiffs. On April 23, 2007, a judgment was signed awarding the plaintiffs $104,638.25 in damages. On May 3, 2007, defendant filed an Answer denying the allegations in the petition. On May 4, 2007, defendant filed a Motion for New Trial that was denied following a hearing on October 23, 2007. This timely devolutive appeal followed.

LAW AND DISCUSSION:
Defendant assigns several Assignments of Error essentially asserting that the evidence presented to the trial court was insufficient to confirm the default judgment. Specifically defendant argues the trial court erred in awarding plaintiffs $40,000.00 in lost profits, in awarding plaintiffs $39,512.53 for loss of "permanent items/labor," in awarding $5,845.00 for "damaged items," in awarding damages of $8,293.96 for "kitchen items," and in awarding damages of $10,170.55 for "chemicals/misc items." Defendant contends these items were either not pled in the petition or not established at the confirmation hearing.
The plaintiffs respond that the trial court did not err as the judgment was based on testimony and evidence submitted at the hearing. Plaintiffs further argue that the broad allegation that they "suffered monetary losses, physical and mental pain and suffering and other damages which will be shown at trial" is sufficient to support the amounts awarded.
In order for a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Smith v. Avant Garde Homeowners Ass'n, Inc., 06-427 (La.App. 5 Cir. 10/31/06), 945 So.2d 89. For a judgment of default to be confirmed, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. La.Code Civ. P. art. 1702(A). Appellate review of a default judgment is restricted to a determination of the sufficiency of the evidence offered in the trial court to support *790 the default judgment. Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La. App. 1st Cir.1992). On appeal, appellant has the burden of overcoming the presumption that the judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct; however, this presumption does not apply where the testimony is transcribed and is contained in the record. Bates v. Legion Indem. Co., 01-0552 (La.App. 1 Cir. 2/27/02), 818 So.2d 176. When testimony is contained in the appellate record, the reviewing court is able to determine from the record whether the evidence on which the judgment is based was sufficient and competent. Id.
The record in the instant case contains the transcribed testimony taken at the default hearing. At the hearing on the Motion to Confirm, Mr. Miller testified that on September 29, 2003, he entered into an agreement to become a member of Gulf Stream Restaurant, LLC. The other member of this LLC was Mr. Arnona. The agreement, which was admitted into evidence, provided that he was to provide all the equipment and supplies for the operation of the restaurant. Mr. Miller testified that Mr. Arnona withdrew from the LLC on May 5, 2005. A letter was introduced into evidence wherein Mr. Arnona stated he was resigning as a member of Gulf Stream Restaurant, LLC and Gulf Stream Marina, LLC was withdrawing from any membership in Gulf Stream Restaurant, LLC. Although the operating agreement provided that operation of the restaurant would cease if Gulf Stream Marina, LLC withdrew from Gulf Stream Restaurant, LLC, Mr. Miller testified he continued to operate the restaurant until the day prior to Hurricane Katrina, August 28, 2005. Mr. Miller testified that Mr. Arnona filed an eviction proceeding against him.
Mr. Miller further testified that about one week after Hurricane Katrina he was asked to remove all merchandise from the building, however, when he went to the building, Mr. Arnona and his son-in-law "bearing weapons threatened to kill" him as he came onto the premises. Mr. Miller testified that Mr. Arnona and his son-in-law then removed equipment and food from the restaurant. A list of items Mr. Miller alleged were removed from the premises was introduced into evidence. Mr. Miller testified that receipts admitted into evidence support the list and document the cost of the items he contends were removed by Mr. Arnona. Mr. Miller also introduced several pictures he testified were taken of Mr. Arnona's son-in-law's truck at the restaurant and at the dump, as well as various pictures of items removed and thrown in the dump.
Mr. Miller testified that he did not reopen the restaurant after the hurricanes. He testified that he could have had the restaurant up and running three days after the hurricane and could have continued to operate for five to six months. He estimated his lost profits to be $40,000.00 to $50,000.00.
Our review of the record indicates there was insufficient evidence to confirm the default judgment. The operating agreement clearly states that Gulf Stream Restaurant, LLC "will have unfettered use of the restaurant premises so long as Gulf Stream Marina, LLC is a member of this [Gulf Stream Restaurant] Limited Liability Company." The letter dated May 5, 2005, introduced into evidence by plaintiffs states that Gulf Stream Marina, LLC is withdrawing from its membership in Gulf Stream Restaurant, LLC. Mr. Miller testified that Mr. Arnona had instituted eviction proceedings to evict him from the premises. Thus, the evidence suggests that Mr. Miller had no right to occupy the *791 premises and/or operate a restaurant at the time Mr. Arnona allegedly removed food and equipment from the premises. The record contains no contrary evidence and therefore it is unclear as to what the plaintiffs' status was vis a vis the restaurant at that time. We find that it would be a miscarriage of justice to allow the judgment to stand without resolving this issue.
Further, we find that even if Mr. Miller did have a right to occupy the premises subsequent to May 5, 2005, there is insufficient evidence to support all of the damages awarded. In particular, any loss of profits is purely speculative. Additionally, the evidence is not clear with respect to which "permanent item/labor" items listed by Mr. Miller were damaged or destroyed by defendant and the correct value of those items. Because we are remanding for a new trial, plaintiffs will have the opportunity to provide sufficient evidence to support their claims.
Based on the transcript and the evidence submitted, we are satisfied that justice demands that the default judgment be vacated and the matter be remanded for a new trial.
JUDGMENT VACATED; MATTER REMANDED.
GUIDRY, J., concurs with reasons.
GUIDRY, J., concurs for the following reasons.
I concur in the result reached by the majority to vacate the default judgment and remand the case for further proceedings. In my view the evidence presented to confirm the default judgment was inadequate and did not suffice to establish a prima facie case, that is, proof of the essential allegations of the petition with competent evidence, to the same extent as if the allegations had been specifically denied.