MAX N. TOBIAS, JR., Judge.
LThe plaintiff/appellant, Bridgette McCoy (“Ms. McCoy”),[1] suspensively appeals [2] a judgment ordering her to vacate the residential premises known as The Estates New Orleans (“The Estates”),[3] where *1180 she occupies a unit as a public housing tenant, for allegedly committing criminal acts. Because we find no proof exists that the alleged criminal acts were committed by Ms. McCoy and all criminal charges against her were dismissed, the trial court was manifestly erroneous in granting the rule for possession. For the reasons that follow, we reverse the judgment of the trial court and render judgment in Ms. McCoy’s favor.
On 19 April 2014, while attending a social gathering in The Estates, Ms. McCoy and another resident, Demetria Carter (“Ms.Carter”), had a verbal disagreement that caused Ms. McCoy to leave and return to her residential unit. |2While at the gathering, Ms. McCoy had consumed some alcohol, but she testified that she was not intoxicated. Hours later, Ms. McCoy left her unit in search of her grandchildren when she was seen by Ms. Carter and a male companion, who began to “stalk” Ms. McCoy by walking closely behind her. As she was returning to her unit with the children, Ms. McCoy heard the man say, “Here, take this knife.” Ms. McCoy turned around and was immediately assaulted by Ms. Carter, sustaining a laceration above her eye. Both Ms. Carter and her companion fled the scene.
The Housing Authority of New Orleans (“HANO”) dispatched Officer Silas Phipps, Jr., to investigate the incident. He arrested both Ms. McCoy and Ms. Carter for disturbing the peace and public drunkenness. Ms. Carter subsequently pleaded guilty; the charges against Ms. McCoy were dismissed by the New Orleans Municipal Court on 6 June 2014.
On 7 May 2014, Ms. McCoy received a notice of infraction and a notice to vacate from “Estates [sic] General Manager.”[4] The attorney for The Estates filed a rule for possession on 5 June 2014. The rule for possession stated that the “resident was involved in a fight on the property which is a violation of the ‘One Strike Policy.’ ” Ms. McCoy claims that she was never apprised of her rights or given a grievance hearing prior to the rule being filed.
Further, we note the lack of any evidence that The Estates has a right of ■ action in these proceedings and ponder, in the absence of evidence, how the one strike policy of Savoy Place is applicable to Ms. McCoy’s lease in Abundance Square Apartments. See La. C.C.P. art. 927.
|sThe rule for possession was heard on 30 June 2014, less than a month after all charges against Ms. McCoy were dismissed. No agent for The Estates testified in this case. Officer Phipps was called to testify for The Estates, but not in the capacity as its representative. He explained that he arrived on the scene after receiving a request for assistance concerning a fight involving two females in the 3000 block of Oliver White Street. Ms. McCoy was standing in front of another officer’s vehicle; Ms. Carter had allegedly retreated into her unit. After speaking with Ms. McCoy and Ms. Carter, he learned that an “incident” had occurred between the two earlier in the evening. Officer Phipps testified that because he could not determine who the primary aggressor was and because both parties were *1181 intoxicated and fighting, he elected to arrest them both for public intoxication and disturbing the peace. Officer Phipps claimed . that Ms. McCoy had slurred speech and he could smell alcohol on her. He also stated that he was “DWI certified.” In addition, he testified that Ms. McCoy was very upset at the time. After being arrested, Ms. McCoy was transported to the hospital for the laceration above her eye. The doctor advised that the laceration was consistent with a ring, not a knife. Ms. Carter had admitted during the officer’s investigation that she had struck Ms. McCoy with her ring.[5]
Under cross-examination, Officer Phipps admitted that he did not witness the alleged fight between the two women.
Ms. McCoy was called by the plaintiff as a witness. She testified that she had been living in one of the housing units (previously the Desire Housing Project) for almost 50 years without incident. She stated that she knows that fighting is | ¿against the rules, but stated that she was only defending herself. She was never the aggressor and did what she could to avoid an altercation with Ms. Carter.
The trial court found that Ms. McCoy was involved in a fight on the grounds of The Estates, resulting in a violation of the one strike policy. The court also found Officer Phipps to be credible. Accordingly, the rule for possession was granted and Ms. McCoy was given 48 hours to vacate the premises. This suspensive appeal followed.[6]
Ms. McCoy has assigned five errors for our review. These are that the trial court (1) “is in plain error;” (2) “is in manifest error;” (8) “is in manifest constitutional error;” (4) “committed reversible error;” and (5) “was bias [sic] and prejudice [sic].”

Discussion

The standard of review in this case is clearly wrong/manifestly erroneous. As we stated in Mazzini v. Strathman, 13-0555, p. 4 (La.App. 4 Cir. 4/16/14), 140 So.3d 253, 256:
We review factual findings of the lower court under the manifest error standard of review. Applying that standard, we must first find from the record that there is a reasonable factual basis for the lower court’s findings of fact; second, the record must establish that the lower court’s findings are not manifestly erroneous or clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). As long as the trier of fact’s findings are reasonable in light of the record as a whole, |fiwe will affirm. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Reviewing the record as a whole, we find that the trial court was manifestly erroneous and clearly wrong in granting the rule for possession. While the court found Officer Phipps’ testimony credible, the officer provided no evidence from which a rational trier of fact could construe or find that Ms. McCoy committed a criminal act. Ms. McCoy admitted to having *1182 consumed some alcohol, but that alone does not automatically rise to a charge of public drunkenness.
In State v. Smiley, 99-0065, pp. 4-5 (La.App. 4 Cir. 3/3/99), 729 So.2d 743, 746, the police arrested the defendant because they saw him staggering outside a bar and heading for his truck. Therein we stated:
While they were exiting the bar, the officers noticed the defendant was again staggering. In addition, the officer testified he could smell alcohol on the defendant’s breath. The officer testified that at that point, they decided to arrest him for “public intoxication” to keep him from reentering his truck and driving away while under the influence. The officer admittéd, however, that he and his companions did not administer any field sobriety tests prior to arresting the defendant.
It is unclear under exactly what provision the defendant was arrested at that point. The only statute which could possibly apply would be LSA-R.S. 14:103, the disturbing the peace statute. Subpart A provides in part: “Disturbing the peace is the doing of any of the following in such a manner as would foreseeably disturb or alarm the public: ... (3) Appearing in an intoxicated condition.” Here, there was nothing in the officer’s testimony which should- have led him to believe that the defendant’s staggering would disturb or alarm the public. A more analogous provision could be 54-405 of the New Orleans Municipal Code, which provides: “It is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property.” However, again there was nothing in the | fiofficer’s testimony which indicated the defendant’s actions at the time he was leaving the bar would endanger the public. The officer testified he arrested the defendant to keep him from entering his truck and driving while intoxicated. However, the officers did not know that the defendant would be leaving anytime soon or that if he were leaving that he would be driving his truck, given the fact that he had two companions with him who could possibly drive, and the officer gave no indication of their condition. Therefore, at the time the officers placed the defendant under arrest, there was no probable cause to arrest him. Thus, the subsequent search which produced the cocaine could not be validated as a search incident to his arrest. See State v. Wilson, 467 So.2d 503, 515 (La.1985); cert. den. Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Johnson, 94-1170 (Lapp. [La.App.] 4 Cir. 8/23/95), 660 So.2d 942; writ denied, State v. Johnson [Dibartolo], 95-3044 (La.2/2/96), 666 So.2d 1105. [Emphasis supplied.]
Similarly, in this matter, Officer Phipps testified that he smelled alcohol on Ms. McCoy, her speech was slurred, and her behavior was “tumultuous.” These facts, however, do not necessarily indicate that she was appropriately charged with public intoxication and/or disturbing the peace. Being certified in driving under the influence, Officer Phipps knew how to conduct a field sobriety test, although he did not conduct one. Of course, Ms. McCoy was “very upset at the time;” she had just been attacked and sustained an injury significant enough to be sent to the hospital for treatment. Further, Officer Phipps agreed that no evidence exists showing that Ms. McCoy was the instigator of the altercation. Finally, we note that Ms. Carter pleaded guilty to the charges, but the misdemeanor charges against Ms. McCoy were dropped. Nothing in Officer Phipps’ testimony demonstrates that Ms. McCoy committed a criminal act and/or *1183 engaged in behavior that falls under any one strike policy.
|7The foregoing being ample grounds for reversing the trial court’s decision, we pre-termit any discussion of the constitutional and other issues presented by Ms. McCoy in her brief.
For these reasons, inter alia, we find that the trial court was clearly wrong and manifestly erroneous in granting the rule for possession of The Estates. Consequently, we reverse the judgment of the court below and render judgment in favor of Ms. McCoy, holding that she may remain in her unit at Abundance Square Apartments in accordance with the terms and conditions of her contract of lease for the use and occupancy of the premises.

REVERSED; RENDERED.

JENKINS, J., concurs and assigns reasons.

. Upon being sworn for testimony, Ms. McCoy’s spelled her name as "Bridget,” not "Bridgette,” as the caption of the case and the documents introduced in evidence and her signature, such as they may appear in the record, so indicate.

. A suspensive appeal of an eviction suit is governed by La. C.C.P. art. 4735, which permits a tenant to suspensively appeal only if the tenant has answered the rule for possession of premises under oath (verification with jurat) with an affirmative defense set forth therein. Ms. McCoy filed an answer under oath setting forth an affirmative defense and denied the allegations of the plaintiff’s rule for possession.

.Ms. McCoy’s actual lease states that "Abundance Square Apartments” is her lessor, not the plaintiff/appellee herein.

. This is the sole partial and incomplete reference in the record on appeal to The Estates. We find no evidence as to how The Estates is a proper party plaintiff in this matter. Ms. McCoy's lease is with another supposed entity and all exhibits referencing a one strike policy reference "Savoy Place,” not Abundance Square Apartments or The Estates.
Further, the documents referencing the one strike rule have a signature line for the tenant to sign, but no copy of the one strike regulation, although introduced as part of an exhibit, is signed by Ms. McCoy or an agent for the landlord.

. Ms. Carter did not testify at trial.

. We note that The Estates did not file an appellee brief. Counsel for Ms. McCoy filed an appellant's brief and after the deadline for requesting oral argument before this court (Rule 211.4, Unif. Rules, La. Cts. of App.), filed a written request for reinstatement of oral argument. This court reinstated oral argument per the appellant’s counsel’s request. Neither Ms. Coy’s attorney nor The Estates’ attorney (although the latter would have been prohibited from orally arguing because no appellee’s brief was filed, Rule 2-12.12, Unif. Rules, La. Cts. of App.) appeared for the scheduled oral argument before us on 6 March 2015.