Judge MAX N. TOBIAS, JR.
11 Darlene Durden (“Darlene”) appeals from a judgment in favor of her divorced husband, David A. Durden (“David”), that effectively, but not directly, declares the property upon which their family home is situated (32446 Highway 23, Empire, Louisiana) (hereafter, “the Property”), is David’s separate property and orders her to vacate the Property. An action for a partition of the community property is cur *1135 rently pending in the trial court. On appeal, Darlene avers that the trial court erred in granting David’s motion for the return of separate property when David failed to show that he is the owner of the property and the one entitled to its possession. For the following reasons, we vacate the judgment of the trial court in part, reverse the judgment of the trial court in part, and remand the matter for further proceedings consistent with this opinion.

Factual Background and Procedural History

Darlene and David were married on 25 April 1998. It is undisputed that in 1982,[1] before the marriage, David began residing in a mobile home that he solely owned, which he moved onto the Property. Prior to and after the marriage, David Land Darlene lived together in David’s mobile home with their two minor children,[2] until it was completely destroyed by Hurricane Katrina in 2005. Following the hurricane, the parties used community funds received from the Federal Emergency Management Agency (“FEMA”) and charitable organizations to have a new home constructed on the Property.
On 28 April 2009, Darlene filed a petition for divorce wherein she alleged that “the family residence located [on the Property] is community property,” and requested that she be awarded the exclusive right to use and occupy ■ the family residence “until such time as the community property has been partitioned.”[3] Darlene was awarded the use and occupancy of the family home pursuant to a protective order signed on 2 June 2009 and confirmed by judgment dated 6 October 2009.[4] On 1 June 2010, a judgment of divorce was rendered reserving all ^rights of the parties to later seek a partition of the community. Darlene and the two children continue to *1136 occupy the family residence on the Property-
In 8 December 2010, in anticipation of the expiration of the protective order on 2 February 2011, Darlene filed a motion, seeking, among other things, continued use of the family home and a partition of the community property. An order was issued by the trial court on 13 December 2010, requiring the parties to each file, within forty-five days, a sworn descriptive list of all community property and community liabilities, and scheduled a hearing on all pending matters for 1 February 2011. The record on appeal does not contain or reflect that a sworn descriptive list has been filed by either party. The 1 February 2011 hearing was continued to 1 March 2011.
On 17 February 2011, David filed a summary proceeding entitled “Motion for Return of Separate Property” (hereinafter, the “Motion”), alleging that the Property, including the family residence situated thereon, was his separate property, and asking the court to issue an order requiring Darlene to vacate the Property. According to David, Darlene was continuing to live on his separate property, which he had not “donated, sold, or transferred any right to the [Property” to her. David averred that he began occupying the Property in 1982 when he moved a mobile home thereon, which he solely owned prior to his 1998 marriage to Darlene. As - the sole proof for his right to the requested relief, David relied upon requests for admissions that he propounded to Darlene and her responses thereto; these were attached to a memorandum in support of his Motion filed in February 2013. The Motion was originally scheduled for hearing on 1 DMarch 2011, the same day as Darlene’s motion for continued exclusive use of the family home and to partition the community property (and other pending motions), but it, too, was continued on several occasions — at least ten times- — over the next two years.[5]
According to the minute entries contained in the record, a “bench trial” was held on 22 February 2013. It is unclear exactly what matters were being tried that day, but apparently the parties reached a consent agreement that was read into the record and recorded in the minutes of court. A transcript of the parties’ consent agreement is not included in the record, but the minutes reflect that the parties agreed to sell community/jointly owned property located in St. Landry Parish, with David agreeing to transfer his half of the proceeds to Darlene for any and all outstanding support obligations then due and owing. The parties also reserved their rights to argue the Motion and to submit memoranda to the court addressing same.
On 20 February 2013, Darlene filed a memorandum in support of her claim that the family home was community property. Darlene’s argument was threefold:
(1) Though the mobile home in which they lived from, 1998 through 2005 was owned by David prior to their marriage, she personally utilized her separate funds *1137 to make significant improvements and renovations to it;
(2) The records in the Plaquemines Parish assessor’s office indicate that the rightful owner of the land on which the mobile home was situated is the estate of |fiCelestine Durden, whose succession had never been opened and no judgment of possession rendered declaring David to be a legal heir to the Property, rather he lived as a squatter on the Property;[6] and
(3) Community funds were used to build the family home located on the Property after David’s mobile home was destroyed, the source of which was solely from Darlene’s efforts to secure financing from FEMA and various charitable organizations.[7]
David filed memoranda on 22 February 2013 and 18 March 2013, respectively, in support of his Motion. According to David, Darlene’s admission that he owned “his own home, land, and shed” prior to their marriage was sufficient proof that the Property, including the family residence situated thereon, was his separate property and that, because they had been divorced since 1 June 2010, he was entitled to its return. Moreover, David averred that “[t]he only claim [Darlene] may have is a possible reimbursement claim concerning the partition of community property,” but stated “[t]hat matter is not presently before the court.” Additionally, while conceding that the Property is “not clearly” in his name, David argued that “it is in fact Durden property” on which he had lived and had his separate home since 1982, and in which Darlene bore no ownership interest.
The Motion came for hearing on 3 September 2013, and, by agreement, was submitted to the trial court on briefs. On 13 September 2013, the trial court rendered judgment, with written reasons, granting the Motion and ordering Darlene | Rto vacate the Property within thirty days from the date of judgment. Citing La. C.C. art. 2366,[8] the trial court, in effect, determined that the land upon which the family residence was situated was owned by David separately at the time the family residence was constructed thereon using community funds, finding no merit to Darlene’s contention that the family home was community property. Specifically, the court stated in its reasons that “[r]egardless of whether the [PJroperty actuálly belongs to Celestin [sic] Durden as alleged by [Darlene] or whether it is [David’s] separate property, what is clear is that the [Property is not community property.”
Subsequent to the rendition of judgment, Darlene filed a motion for new trial averring that, on 20 September 2013, she obtained a title opinion from Southern Ti- *1138 tie, Inc., which states that the Property was acquired by Celestine Durden on 26 March 1926 and, because no succession to date had been opened, the Property currently remained in the estate of Celestine Durden. The title opinion further states that, according to the tax bills, the land and the improvements thereon are billed separately: for the land, the tax bill is directed to Celestine Durden’s estate; however, the owners of the improvements are unnamed on the tax bill or the conveyance records. Based on this information obtained post-judgment, Darlene |7averred that the trial court’s decision to return “separate” property to someone who is not the owner or a co-owner (ie., the title opinion evidences that David is not the owner), is contrary to law.[9] Because the title opinion shows that the Property does not belong to either the community regime or to David, separately, Darlene argued that the court’s reliance on La. C.C. art. 2366 as authority that the house in which she resides is David’s separate property and should, therefore, be returned to him was in error. Accordingly, she urged the court to grant a new trial of the matter in order that she could present “true evidence by a licensed expert proving that the subject property is not David Durden’s separate property.”
Darlene’s motion for new trial came before the court on 4 February 2014, was denied on 11 March 2014, and a judgment denying same signed on 10 April 2014.[10] This suspensive appeal followed.[11]
| ¡¡Issues Presented for Review
On appeal, Darlene avers the trial court erred in granting the Motion because (1) David failed to present evidence that he owns the Property and is entitled to its return; and (2) without proof of ownership, David lacked standing to evict her from the Property and was without a right of action to seek its return. Darlene further contends that, based on the evidence she presented at the hearing on her motion for new trial, David is not the owner of the Property; thus, the trial court abused its discretion in failing to grant her motion for new trial.

Discussion

Prefatory to our discussion of the issues presented for review, we note the complete lack of evidence confirming or establishing that David has an ownership *1139 interest in the Property; any determination by this court addressing the merits of David’s claim regarding his right to a return of his “separate property” could be deemed conclusive between the parties. La. R.S. 13:4231(3); see Tolis v. Bd. of Sup’vrs of Louisiana State University, 95-1529, pp. 2-3 (La.10/16/95), 660 So.2d 1206, 1207 (discussing res judicata effect of an appellate review of the merits), and Carriere v. Bank of Louisiana, 95-3058, pp. 11-14 (La.10/31/97), (on reh’g), 702 So.2d 648, 668-669 (applying the “law of the case” doctrine to preclude later appellate review of an issue). Because we find that the Motion fails to state a cause of action upon which the requested relief can be granted [12] and because we are unable to render a decision that would be “just, legal, and proper on the record” before us as is required by La. C.C.P. art. 2164, we are required to vacate that portion of the trial court judgment that, in effect, holds that the Property is David’s |9separate property, reverse that portion of the judgment that evicts Darlene from the Property when rightful ownership has not been proven or properly determined, and remand the matter for further proceedings consistent with this opinion.
I.

Property of Married Persons

Property of married persons is generally characterized as either separate or community. La. C.C. art. 2335. La. C.C. art. 2338 provides:
The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.
Regarding the classification of property as separate, La. C.C. art. 2341 provides, in part, that a spouse’s separate estate “comprises ... property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used [and] property acquired by a spouse by inheritance or donation to him individually.”
Property in the possession of a spouse during the existence of the community property regime is presumed to be community, but either spouse may rebut the presumption. La. C.C. art. 2340. The spouse seeking to rebut the presumption bears the burden of proving by a preponderance of the evidence that property is separate in nature. Ross v. Ross, 02-2984, p. 9 (La.10/21/03), 857 So.2d 384, 390. A trial court’s finding regarding the nature of property as being either community or separate is a factual determination subject to the manifest error/clearly wrong standard of review. Jemison v. Timpton, 09-1166, p. 8 (La.App. 4 Cir. 5/6/10), 38 So.3d 1021, 1027.
II.

Requests for Admissions

As a preliminary matter, we address the requests for admissions that David propounded to Darlene and her re *1140 sponses thereto, which is the sole evidence submitted on the Motion and formed, in part, the basis of the trial judge’s conclusion that the Property was David’s separate property and that he was entitled to its return. In particular, David relied on the following requests and Darlene’s corresponding admissions to establish his alleged separate ownership rights to the Property prior to the marriage:

REQUEST FOR ADMISSION NUMBER 1:

When you married David Durden, he already owned his own home, land, shed, and movables which go with them.

ANSWER TO REQUEST FOR ADMISSIONS NO. 1:

Request for admissions number 1 is deemed admitted as it relates to these items prior to the occurrence of Hurricane Katrina. [Darlene] is unable to provide an answer as it relates to movable [sic], because there are no movables listed.

REQUEST FOR ADMISSION NUMBER 2:

David Durden did not legally transfer any of his separate property to you.

ANSWER TO REQUEST FOR ADMISSIONS NO. 2:

Request for admissions number 2 is deemed admitted.
[[Image here]]

REQUEST FOR ADMISSION NUMBER 4:

You owned no separate property (immovable) when you married David Dur-den.

J^ANSWER TO REQUEST FOR ADMISSIONS NO. 4:

Request for admissions number 4 is admitted.

REQUEST FOR ADMISSION NUMBER 5:

You have not paid any rental payments to David Durden, concerning the property at 32446 Hwy. 23, Empire, Louisiana since the date of filing for divorce.

ANSWER TO REQUEST FOR ADMISSIONS NO. 5:

Request for admissions number 5 is admitted.
[[Image here]]

REQUEST FOR ADMISSION NUMBER 7:

You have allowed othef people to live with you and your children at 32446 Hwy. 23, Empire, Louisiana, since the date of the filing for divorce.

ANSWER TO REQUEST FOR ADMISSIONS NO. 7:

Request for admissions number 7 is admitted. [Darlene] has allowed her mother to stay with her for short periods of time (a week or two) to assist with her children.
Specifically, David contends that Darlene’s admission that he “owned his own home, land, [and] shed” prior to their marriage is sufficient proof to establish his separate ownership and entitlement to possession of the Property. We disagree.
The Louisiana Code of Civil Procedure allows a party to serve upon another party a written request for the admission of the truth of any relevant matters of fact. La. C.C.P. art. 1466. The purpose of Article 1466 is “to relieve the parties of the expense of proving that which is not seriously disputed and to relieve the courts from taking needless time to hear such matters.” Powell v. Department of Highways, 383 So.2d 425, 430 (La.App. 4th Cir.1980)[emphasis supplied]. La. C.C.P. art. 1467 A requires that “each matter of which an admission is requested shall be separately set forth” and that requests *1141 should be worded to seek admission of specific facts rather than broader characterizations. See Grevemberg v. G.P.A. Strategic Forecasting Group, Inc., 06-0766, p. 10 (La.App. 1 Cir. 2/9/07), 959 So.2d 914, 920. Generally, a matter is deemed admitted if the party to whom the request is directed does not respond within the time delays afforded by law. La. C.C.P. art. 1467. The purpose of Article 1467 is to require the admission of facts which are not to be disputed at trial in order “to eliminate the time, trouble, and expenses of proving uncontroverted facts.” New Orleans Public Service, Inc. v. Checker Cab Co., 332 So.2d 489, 490 (La.App. 4th Cir.1976); see also Madden v. Louisiana Power & Light Co., Inc., 334 So.2d 249, 255 (La.App. 4th Cir.1976) and Voisin v. Luke, 249 La. 796, 806, 191 So.2d 503, 506-507 (1966).
While La. C.C.P. arts. 1466 and 1467 allow for the admission of uncontro-verted and/or undisputed facts, the record reflects that ownership of the Property and the post-Katrina family residence constructed thereon has been adamantly controverted and disputed by Darlene since the commencement of these proceedings. Additionally, reading David’s request for admission that “he already owned his own home, land, [and] shed” prior to his marriage to Darlene, it is questionable whether its wording sufficiently requests a specific admission that he was the owner the particular property at issue, as the request fails to identify or otherwise provide a physical or legal description of the “land.” Moreover, even if, arguably, the request may be read as seeking the admission that David was the owner of the Property prior to the marriage, it appears to address an ultimate legal conclusion rather than a fact. La. C.C.P. art. 1466 does not authorize a request for admission of a conclusion of law. Instead, the article authorizes only requests for admission of “relevant matters of fact” and the genuineness of documents. Grevemberg, 06-0766, p. 10, 959 So.2d at 920 n. 5. Thus, while Darlene admitted that David owned “land,” this was not an admission that David owned the 113Property, especially when contrasted with other pleadings contained in the record wherein David conceded that the Property was “not clearly” in his name. The fact that the Property may ultimately be “Durden property” does not cure the defect in David’s request for admission as this alleged fact does not establish that David bears any ownership interest therein; the record is devoid of evidence showing that the succession of Celestine Dur-den (the purported record owner of the Property) has ever been opened or that David is a legal heir or direct successor to Celestine Durden either through intestacy or a legatee through testacy. We find that, to the extent the trial judge relied on Darlene’s admission that David owned “land” prior to their marriage as a basis for his determination that David separately owned the Property at issue and entitled to its return, such was manifestly erroneous.
III.

The Motion Fails to State a Cause of Action upon which the Relief David Seeks Can be Granted

A court of appeal may raise the peremptory exception of no cause of action sua sponte: “the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit ... may be noticed by either the trial court or appellate court on its own motion.” La. C.C.P. art. 927 B; Moreno v. Entergy Corp., 10-2268, p. 3 (La.2/18/11), 64 So.3d 761, 762. An exception of no cause of action tests “the legal sufficiency of the petition by determining whether the law affords a *1142 remedy on the facts alleged in the pleading.” Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
In trying to ascertain what action precisely was before the trial court and whether the Motion states a cause of action upon which the relief he seeks — ie., the return of his separate property — can be granted, we carefully reviewed the 114entire record on appeal. In doing so, we note that the Motion was filed in the same case as the divorce proceedings and in which a partition of the community property is currently pending. Moreover, according to the judgment on the Motion, the trial court (1) in effect, declared David to be the owner of the Property such as would be determined during a traversal trial in a community property partition or in a petitory action, and (2) ordered Darlene, the possessor of the Property, to vacate the Property as would be done in an eviction proceeding. For the reasons discussed, infra, while we do not definitively determine what cause of action precisely was before the court, we do determine what type of action it was not.
IV.

The Motion Was Not One to Partition the Community

The provisions of La. R.S. 9:2801 set forth the exclusive procedure by which community property is to be partitioned when the spouses are unable to agree on a partition of community property. The specific purpose of the statute is the settling of all matters pertaining to the community, settling all claims by and against each spouse, and providing for the methods of protecting those claims. In particular, La. R.S. 9:2801 A(4) provides, in pertinent part:
A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
[[Image here]]
|1B(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
(d) In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum *1143 of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
The statute further calls for each party to file a sworn descriptive list of all community property, and to state the fair market value and location of each asset and all community liabilities. Within sixty days of the date of service of the last filed detailed descriptive list, each party is required to either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the descriptive list of the other party. At the trial of the traverses, the court must determine the community assets and liabilities; the valuation of assets is to be determined at the trial on the merits. However, the court, in its discretion, may by |1fiordinary procedure try to determine at one hearing all of the issues, including those raised in the traverses. Ultimately, the court partitions the community property in accordance with the rules set forth in the statute. Jemison v. Timpton, 09-1166, p. 1 (La.App. 4 Cir. 5/6/10), 38 So.3d 1021, 1023.
A partition of community property may be asked for 'as incidental relief in a suit for divorce, but it must be requested in a petition and handled in an ordinary proceeding. La. C.C.P. art. 82 A; Little v. Little, 371 So.2d 1194, 1196 (La.App. 1st Cir.1979). The Motion was filed as a summary proceeding in the same case that Darlene filed the motion to partition the community property, which has yet to be affected.[13] David and Darlene are unable to agree on a partition of the Property— David contending the Property, and the family home situated thereon, is his separate property — Darlene arguing the Property, including the family home situated thereon, should be classified as community property. Whether the Property should be classified as David’s separate property or community property[14] |17is just one *1144 among several issues to be resolved in partitioning the community property regime.
The relief David seeks in his Motion (i.e., recognition that he is the owner of the Property and the restoration of his right to possess it), is inappropriate to proceedings brought under La. R.S. 9:2801 to settle community affairs — which is the proceeding in which David filed his Motion — because it defeats the purpose of the statute and inherently fosters piecemeal determinations of issues which the statute mandates are to be handled in relation to the settlement of the community and all claims arising therefrom. By its judgment, the trial court, effectively determined that the land, including the family home situated thereon, was, in fact, David’s separate property. However, the Motion and judgment thereon do not resolve all issues in the partition; ie., what reimbursement, if any, may be due to Darlene for the use of community funds to build the family home thereon. More importantly, the record contains no detailed descriptive lists filed by either party, and the judgment does not actually divide the community assets and liabilities between the parties; according to the record before us, the community property of the parties has yet to be partitioned.
La. R.S. 9:2801 mandates the specific procedure for the partition of community property and the settlement of the claims arising from the matrimonial |isregime, which would include the classification of the Property as either David’s separate property or community property. Despite the fact that the record is devoid of any evidence establishing that the Property was, in fact, David’s separate property and/or that he was an owner, we conclude that the Motion fails to comply with the mandatory requirements of La. R.S. 9:2801 [15] and, consequently, does not state a cause of action upon which the trial court, based upon the pleadings and facts before it, could properly, or procedurally, grant the requested relief.[16]
*1145 While the trial judge appears to be attempting to put to rest the property dispute existing between the parties, the matter was not in a posture for him to properly do so, especially in light of Louisiana’s longstanding prohibition against piecemeal partition of community property and settlement of claims arising from matrimonial regimes after termination of the community. See Daigre v. Daigre, 230 La. 472, 481-482, 89 So.2d 41, 44-45 (1956); Sciortino v. Sciortino, 188 So.2d 221, 223 (La.App. 4th Cir.1966); Nunez v. Nunez, 552 So.2d 472, 473 n. 2 (La.App. 4th Cir. 1989). Had no party appealed, the result reached by the trial judge |19would have been definitive between the parties. However, because of the instant appeal, and the reasons discussed herein, we are required to vacate the trial court’s judgment insofar as it classifies the Property as David’s separate property on the ground that the rendition of the judgment was procedurally improper and an abuse of the trial court’s discretion. Moreover, on remand, the procedure initiated by David, which is governed by La. R.S. 9:2801, must be conducted in strict accordance with the specific provisions of that statute.
V.

The Motion is not a Petitory Action

A petitory action is provided by La. C.C.P. art. 3651 et seq. It is defined as an action “brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiffs ownership.” Id. Similar to the partition proceeding, the petitory action is by way of an ordinary proceeding. The plaintiff in a petitory action must prove: (1) that he acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in the possession of the property; or (2) a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. La. C.C.P. art. 3653.[17]
The allegations and prayer of a plaintiffs petition determine the true nature of the action. The Motion simply alleges (1) David’s ownership of the Property, |anrelying on his requests for admissions and Darlene’s responses attached thereto as his sole proof, (2) Darlene’s actual possession of the Property without right, and (3) a request to regain its possession. The Motion fails to set forth facts showing how David acquired ownership of the Property or showing that he has title to it. The allegations contained in the Motion do not meet the indispensable requirements for a petitory action. See A.J. Hodges Industries, Inc. v. Fobbs, 39 So.2d 91, 92 (La.App. 2nd Cir.1949). In a petito-ry action, in order for a plaintiff to make out his title, not only must he give a physical description of the property he purports to own and that he has title to it, he must also set forth sufficient facts *1146 showing how he acquired title. Cupples v. Harris, 202 La. 336, 342, 11 So.2d 609, 610 (1942).[18] David’s failure to allege how he acquired ownership is fatal to his ability to properly state a cause upon which relief can be granted in a petitory action. See Brown v. Garner, 157 So. 136, 137 (La.App. 2nd Cir.1934).[19]
■VI.

The Motion is not a Possessory Action

The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in possession of the property when he has been disturbed, or to be restored to the possession when he has been |2i evicted. La. C.C.P. art. 3655. To maintain a possessory action, the possessor must allege (1) that he had possession of the immovable property or a real right therein at the time the disturbance of the possession occurred; (2) he and his ancestors in title had such possession quietly and without interruption for a period of one year prior to the disturbance; (3) the disturbance was one in fact or in law;[20] and (4) the possessory action was instituted within a year of the disturbance. La. C.C.P. art. 3658.
In the possessory action, which is a real action, the sole concern is the protection of possession; the ownership or title of the parties to the immovable property or real right therein is not at issue. La. C.C.P. art. 3661. See Bennett v. Louisiana Pacific Corp., 29,598 (La.App. 2 Cir. 5/9/97), 693 So.2d 1319. David instituted this action by filing a pleading captioned, “Motion for Return of Separate Property,” alleging that he was the owner of the Property and, as such, was entitled to its return. Attached to his Motion was an order seeking to have Darlene show cause why she should not be ordered to vacate the Property. It is undisputed that David is not in possession of the Property and that Darlene contests his ownership of it; she contends, in part, that the Property is eommu- *1147 nity property. Accordingly, |2athe Motion does not meet the requirements of La. C.C.P. art. 3658 for maintaining a posses-sory action.
The facts, as pled in the case at bar, would tend to support a petitory, rather than a possessory action; however, for the reasons set forth, supra, David has failed to meet the requirements for properly stating a cause of action upon which the relief he seeks can be granted in a petitory action.[21]
VII.

The Motion is not an Eviction Proceeding

The trial court judgment, after effectively classifying the Property as David’s separate property, ordered Darlene to vacate the Property, which is in the nature of the relief sought in an eviction proceeding. Eviction is a proper remedy for use by an owner of immovable property, who wishes' to evict the occupant after the purpose of the occupancy has ceased. Dowl v. Arias, 06-0874, p. 2 (La.App. 4 Cir. 2/14/07), 953 So.2d 81, 82. La. C.C.P. art. 4702[22] provides the basis for this remedy and was designed to give the owner of immovable property summary means of evicting an occupant without having to meet the burden and delay required in a petitory action. Id. La. C.C.P. art. 4705 expressly states that the eviction procedure is not to be construed to conflict with La. C.C.P. arts. 3651-3664 relating to actions to determine ownership or possession of immovable 12?,property. In the case of Moody Inv. Corp. v. Occupants of 901 East 70th St., 43,396 (La.App. 2 Cir. 8/13/08), 990 So.2d 119, our brethren on the Second Circuit stated the following:
In an eviction proceeding against an occupant, the petitioner is required to make a prima facie showing of title to the property, prove that the defendant is an occupant as defined in La. C.C.P. art. 4704, and show that the purpose of the occupancy has ceased. R & R Land Company v. Lawson, 427 So.2d 1356 (La.App. 2d Cir.1983).
Moody, 43,396 at p. 4, 990 So.2d at 122.
In his Motion, David alleges that the Property is his separate property owned by him prior to his marriage to Darlene and that he has never “donated, sold or in any other way ever transferred any right” to the Property to Darlene. Though David alleges that he is the owner of the Property, for the reasons stated supra, David has neither set forth sufficient facts nor presented sufficient evidence establishing his title or ownership interest in the Property. Further, the record before us is devoid of any evidence that David gave Darlene a five-day notice to vacate as mandated by La. C.C.P. art. 4702 for an eviction.
Because use of the summary proceeding to evict an unauthorized occupant pursuant to La. C.C.P. art. 4702 presupposes actual ownership in the property, the Motion and proof thereon do not satisfy the require- *1148 merits necessary for David to prevail and, consequently, do not support the trial court’s judgment ordering Darlene to vacate the Property at this juncture of the proceedings. Accordingly, that portion of the trial court judgment ordering Darlene to vacate the Property is reversed.
JaVin.

Motion for Use and Occupancy of the Family Home

La. R.S. 9:374, relative to the possession and use of the family residence, provides, in pertinent part:
A. When the family residence is the separate property of either spouse, after the filing of a petition for divorce or in conjunction therewith, the spouse who has physical custody or has been awarded temporary custody of the minor children of the marriage may petition for, and a court may award to that spouse, after a contradictory hearing, the use and occupancy of the family residence pending the partition of the community property or one hundred eighty days after termination of the marriage, whichever occurs first. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, and award the use and occupancy of the family residence to the spouse in accordance •with the best interest of the ■ family. The court shall consider the granting of the occupancy of the family residence in awarding spousal support,
B. When the family residence is community property or is owned by the spouses in division, or the spouses own community movables or immovable, after or in conjunction with the filing of a petition for divorce or for separate of property in accordance with Civil Code Article 2374, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovable pending partition of the property or further order of the court, whichever occurs first; In these cases, the court shall inquire into the relative economic status of the spouses, including both the community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovable to the spouse in accordance with the best interest of the family. If applicable, the' court shall consider the granting, of the occupancy of the family residence and the use of community movables or immovable in awarding spousal support.
125 * * ⅜
D. The court may determine whether a residence is separate or community property, or owned in indivisión, in the contradictory hearing authorized under the provisions of this Section.
Our review of the record indicates that the contradictory hearing contemplated by La. R.S. 9:374 did not occur in this case because, as noted above, Darlene was granted use and occupancy of the family home in 2009 pursuant to a protective order issued under La. R.S. 46:2135[23] and not pursuant to La. R.S. 9:374. La. R.S. 46:2135 does not authorize the granting of the use of the family residence to a peti *1149 tioner when the residence is the separate property of the defendant. Thus, implicit in the trial judge’s issuance of the protective order pursuant to La. R.S. 46:2135 and granting the use of the family residence to Darlene in 2009, was a determination that the family residence was, in fact, not David’s separate property, but rather, was jointly owned by the parties. In December 2010, anticipating the approaching expiration of the protective order to occur in February 2011, Darlene filed a motion seeking continued exclusive use of the family home and, in the same motion, requested a partition of the community property among other relief. While Darlene’s motion alleged that she remained in fear of abuse by David, she did not seek relief in the form of an extension or renewal of the protective order at that time. David’s subsequent Motion seeking the return of his separate property was filed upon the expiration of the protective | ^order and prior to the hearing on Darlene’s pending motion for continued use of the family home.
While La. R.S. 9:374 D provides a procedural mechanism for a trial court to determine the classification of the family residence as separate or community property in a summary proceeding incident to the divorce proceedings, we find that, to the extent to the trial court relied upon the statute in the instant case to consider and rule upon the Motion, he did so in error as David does not have a cause of action under this statute. La. R.S. 9:374 makes a distinction between separate and community property. When the “family residence is the separate property of either spouse,” it is only the spouse with physical or temporary custody “of the minor children of the marriage” who may petition the court. On the other hand, when the “family residence . is community property ... either spouse may petition” the court. While Darlene, who maintains that the family residence is community property and was originally awarded use of the family residence under La. R.S. 46:2135 on the basis that the residence was, in fact, community property, has a cause of action under La. R.S. 9:374 B for requesting the continued use of the family residence “pending further orders of the court,” the express wording of the statute does not, likewise, provide a cause of action for the relief requested by David in the Motion seeking the return of his alleged separate property. Because we find that La. R.S. 9:374 does not apply to the Motion, we conclude the trial court manifestly erred when it made a determination regarding the classification of the family residence as David’s separate property in a manner that did not comply with the mandatory procedures set forth in La. R.S. 9:2801, which governs the partition of community property and the settlement of all claims arising from the matrimonial regime (ie., the parties must each file sworn descriptive lists followed [27by a trial of the traversals at which time reliable proof of ownership of the Property can properly be submitted and considered). Accordingly, we remand the matter to the trial court for further proceedings to be conducted in accordance with La. R.S. 9:2801.
IX.

Motion for New Trial

Because we conclude that the Motion fails to state a cause of action upon which the particular relief David seeks can be granted, it is unnecessary for this court to decide whether the trial court erred in denying Darlene’s motion for new trial.

Conclusion

For the foregoing reasons, finding on our own motion that the Motion fails to state a cause of action upon which the relief requested by David can be granted, we vacate the trial court judgment insofar *1150 as it classifies the Property as David’s separate property, reverse the trial court judgment insofar as it orders Darlene to vacate the Property, and remand the matter for further proceedings in accordance with the mandatory procedure set forth in La. R.S. 9:2801 and consistent with this opinion.

REVERSED IN PART; VACATED IN PART; REMANDED.

. In the various pleadings filed with the trial court, David states that he has lived on the Property since 1981, and in other pleadings he alleges he began living on the Property in 1982.

. David and Darlene have two children: Logan, born on 22 February 1996, and Admirel, born on 12 April 2002.

. In his answer to Darlene's petition for divorce, David denied the allegation that the Property was community by stating the following, in part:
The allegations of paragraph 9 of the petition are denied. This divorce action is the result of an ongoing scheme undertaken by [Darlene] without lawful cause and with an intent to deprive [David] of his rights to his family home, his children, and his property.

. Although a copy of the protective order purportedly issued under La. R.S. 46:2121 et seq. (the Protection from Family Violence Act), granting Darlene the use and occupancy of the family home, is not contained in the record on appeal, other pleadings in the record indicate that the protective order remained in effect until 2 February 2011.
La. R.S. 46:2135 A(3) limits an award granting the possession of the family residence to instances where the residence is: (a) jointly owned in equal proportion by the defendant (David) and the petitioner (Darlene); (b) solely owned by the petitioner; or (c) solely leased by the defendant who has a duty to support the petitioner. An award for the exclusive use of the family residence pursuant to La. R.S. 46:2135 A(3) does not authorize an award in favor of the petitioner when the family residence is the separate property of the defendant.
The trial judge is presumed to know the law and to apply it correctly. See Clement v. Griffin, 91-1664, 92-1001, 93-0591 to 0597, 93-0648 (La.App. 4 Cir. 3/3/94), 634 So.2d 412, 422. Implicit, therefore, in the trial judge’s granting of the use of the family residence to Darlene pursuant to a protective order issued under La. R.S. 46:2135 A(3) is that the judge recognized that Darlene and David "jointly owned in equal proportion”, the family residence, i.e., that the family residence belonged to the community and was not David's separate property. We note that family residence refers to the abode in which one lives and does not, necessarily, include the land upon which the family residence sits.

. The record reflects that on 20 April 2012, the court held a status conference with counsel for both parties and issued a scheduling order setting a trial on the merits for 20 August 2012, and directing the parties to file pre-trial orders. David filed his pre-trial order on 14 August 2012, contending that the sole issue before the court was the "classification of the insurance proceeds and donated labor and material used to construct a new home of [sic][his] separate property.” The record on appeal does not contain a pre-trial order filed by Darlene. According to a 20 August 2012 minute entry, the court continued the trial without date.

. Darlene did not introduce or otherwise attach any records from the Plaquemines Parish assessor’s office evidencing the proof upon which she relied.

. Darlene filed a second memorandum opposing the Motion and in support of her claim that the Property should be classified as community property. She raised no new argu- ’ ments therein.

. La. C.C. art. 2366 provides:
If community property has been used during the existence of the community regime or former community property has been used thereafter for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled to reimbursement for one-half of the amount or values that the community property had at the time it was used.
Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spousé with community property belong to the owner of the ground. The other spouse is entitled to reimbursement for one-half of the amount or value that the community property had at the time it was used.

. Additionally, Darlene asserted that she filed a separate action to quiet title of the Property on 20 September 2013 entitled, “Darlene R. Durden versus The Unopened Succession of Celestine Durden.” She also recorded an affidavit of possession of the Property on 23 September 2013 in the conveyance records of Plaquemines Parish. According to Darlene, David has no standing in the separate action she filed against the estate of Celestine Dur-den to quiet title unless he takes action to judicially open the decedent’s succession and establishes his relationship to the decedent, and pursues a petitory action against her.

. In denying Darlene’s motion for new trial, at the close of the hearing, the judge orally stated that Darlene had "ample opportunity to find” the title information she presented at the hearing on the motion for new trial “before trial; and if there was, in fact, some difficulty in obtaining that information ... [Darlene] ... certainly could have motioned this Court for a continuance,” especially since the Motion had been pending from 2009 to 2013, undermining her argument that the evidence was "newly discovered” evidence. Moreover, the judge noted that based on the information he considered when rendering judgment — i.e., that the Property is "family land [the owner being Celestine Durden and] David Durden having occupied the — land and the trailer prior to marriage,” coupled with Darlene’s "admission” in responses to David’s requests for admissions that “it was not her property” — he was denying Darlene's request for a new trial.

.David did not file an appellee brief in this court, and the matter was not orally argued before us. See Rule 2-12.1," Uniform Rules, Cts. of App.

. La. C.C.P. art. 927.

. Summary proceedings may be used absent timely objection only in those cases expressly authorized by law. La. C.C.P. art. 2592; Houeye v. St. Helena Parish School Bd., 213 La. 807, 810, 35 So.2d 739, 740 (1948); State ex rel. Torrance v. City of Shreveport, 231 La. 840, 848, 93 So.2d 187, 190 (1957). Normally, an ordinary proceeding is the appropriate method for the partitioning of community property; however, by going to trial in the summary proceeding without objection, a party waives his/her right to object to the summary proceeding. See La. C.C.P. art. 2593 and comment (d) thereto. See also La. C.C.P. art. 969 discussed in footnote 16, infra.

. Aside from Darlene’s response to David’s request for admission, a third possibility exists. The information contained in the record indicates that the land upon which the family home is situated is actually owned by neither David nor Darlene and, thus, cannot be classified as either David’s separate property or community property. Moreover, it is undisputed that the family home was constructed during the existence of the community property regime using monies received from FEMA and charitable organizations.
Pursuant to La. C.C. art. 464, buildings are separate immovables when they belong to a person other than the owner of the ground. Revision Comment (b) further notes that "buildings separated in ownership from the land on which they stand are distinct immov-ables for all purposes.” Revision Comment (e) provides that "[t]he questions whether buildings ... belong to the owner of the ground or to another person is determined under the rules governing acquisition of ownership.” Thus, if the ground upon which the residence sits is owned by someone other than David, then La. C.C. 2366 would not apply and the family home, having been constructed on the ground owned by another during the community with community funds, would belong to the community and not to David separately. The parties do not dispute that David began possessing the land in 1982 when he moved his mobile home onto it. *1144 Arguably, he had a possessory right to the land at that time.
Pursuant to La. C.C. art. 470, this possesso-ry right is an incorporeal immovable, which can be separate or community. While David has a strong argument that this possessory right was his separate right up until his separately owned mobile home was destroyed in Hurricane Katrina, this argument is weakened because following the hurricane the couple constructed the family home using community funds; it remains a question of fact as to whether, and from that point forward, they intended to possess the ground upon which the residence sits as community or as co-owners.

. The record suggests that David and Darlene made little attempt to follow the procedures mandated by La. R.S. 9:2801. Though ordered by the trial judge to do so, neither party filed the required sworn descriptive lists setting forth of all community property with the fair market value and location of each asset, and all community liabilities. Consequently, neither party was in a position to traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the other’s descriptive list. And, even though the trial of the traverses may be by summary procedure, at the time the Motion was filed and ruled upon, the record was devoid of anything to traverse that complied with La. R.S. 9:280 l’s mandatory statutory scheme.

. One might argue that the Motion was merely the equivalent of a “trial of the traverses” that, pursuant to La. R.S. 9:2801 A(2), may be addressed in a summary proceeding. However, the record contains no sworn descriptive lists or traversals filed by either party, suggesting that such a hearing was either premature or not, in fact, a mere trial of the traverses. Moreover, the judgment that ordered Darlene to vacate the Property goes beyond that of a traversal and classification of property.
Alternatively, one might argue that the Motion was the equivalent of a motion for summary judgment on the issue of classification *1145 of the Property as community or separate property, however; according to La. C.C.P. art. 969 A, such would be improper given that "summary judgments shall not be granted in any action ... nor in any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife.”

. The right to bring the petitory action is imprescriptible because it is a “real action” that liberative prescription does not bar. See La. C.C. art. 526 and Johnson v. Hardy, 98-2282 (La.App. 1 Cir. 11/05/99), 756 So.2d 328. The rationale is that ownership can never be lost by the failure to exercise it — only by the acquisition of ownership by another through possession sufficient to acquire it through acquisitive prescription. Id.

. In Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974), the Court held that a plaintiff not in possession versus a defendant who is in possession is required "to show good title against the world without regard to title of the party in possession." Id. at 799. Title is made out when an unbroken chain of valid titles from the sovereign is shown. Whitley v. Texaco, Inc., 434 So.2d 96, 102 (La.App. 5th Cir.1982). Moreover, "title against the world” means one must produce an unbroken chain of record title back or show ownership through acquisitive prescription. Cuny v. Quinn, 03-649, p. 8 (La.App. 5 Cir. 10/28/03), 860 So.2d 232, 237.

. As noted previously, the record contains no evidence that the Succession of Celestine Durden has ever been opened or that David is even a legatee or heir of Celestine Durden. In a petitory action to determine ownership and/or title to the property as against Darlene, all potential Durden legatees and heirs would therefore have to be joined as necessary parties as they each potentially bear an ownership interest in the Property.

.La. C.C.P. art. 3659 defines disturbance in fact and disturbance in law as follows:
Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.
A disturbance in law is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.

. La. C.C.P. art. 3657 specifically provides that a plaintiff may not cumulate a petitory action and the possessory action in the same suit, and he cannot plead them in the alternative. If both are pled, the possessory action is waived. La. C.C.P. art. 3657.

. La. C.C.P. art. 4702 states:
When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or his agent shall first cause a written notice to vacate the property to be delivered to the occupancy. [Emphasis supplied.]
This notice shall allow the occupant five days from its delivery to vacate the premises.

. The 6 October 2009 judgment states that the protective order was "issued ... against David ... for 18 months, as reflected in the separate Protective Order signed by the Court and received by the parties on June 2, 2009,” and granted to Darlene the use of the family residence.