TOBIAS, J.,
concurs and assigns reasons.
hi fully and respectfully concur in the decision of the majority to reverse the trial court’s judgment. I write separately, however, to emphasize what I have repeatedly noticed on appeals and in writ application before us: apparent deficiencies in the handling of evictions in the trial courts of this circuit, especially the city courts of this city.
Eviction suits are subject to special procedures primarily set forth in Articles 4701, et seq., of the Louisiana Code of Civil Procedure; superimposed on those procedures are the rules of evidence contained primarily in the Louisiana Code of Evidence. No “relaxed” or simplified rules of evidence apply to eviction proceedings.
At a bare minimum, and generally, the petition or rule for possession of premises should show the following:
(1) The name of the ownerAessor/land-lord of the premises, and if applicable, the name of the agent representing him. See La. C.C.P. arts. 4701, 4703; see also Durden v. Durden, 14-1154 (La.App. 4 Cir.4/29/15), 165 So.3d 1131. Such shows that the plaintiff has a right of action.
(2) The name of the defendant/lessee/occupant, if known.
(3) The location of the premises at issue, giving a sufficiently clear designation of the address (street; unit number, if applicable; city).
*105 (4) The reason the eviction is sought. See La. C.C.P. art. 4701.
k(5) An allegation that the five-day notice to vacate has been given and how same was give. (Ideally, a copy of the five-day notice should be attached to the petition or rule.) Id.
(6) If a written lease exists, a copy thereof and all amendments thereto should be attached to the petition or rule.
(7) Any other relevant allegation related to the matter.
(8) A prayer for relief.
At some point during the trial of the rule or petition for possession, the owner/lessor/landlord or his agent shall testify in person (or by sworn deposition at which the defendant or his agent was present, but not by affidavit unless a law so authorizes), attesting to each of the facts as alleged in the petition and affirmatively state in the trial that the owner/lessor/landlord wants the return of the premises to him.
If the petition or rule for possession and the evidence at the trial conforms to the foregoing, then the plaintiff makes out a prima facie case.
In the case at bar, neither the rule for possession nor the evidence before us establishes that the plaintiff, Housing Authority of New Orleans (“HANO”), has a right of action. The lease in this case shows another entity as the lessor and no evidence is presented to show how HANO has any interest in the outcome of this suit. A trial court commits legal error taking judicial notice that the Guste Homes is somehow connected to HANO even though the trial court, the parties, and their counsel might believe it to be so. See La. C.E. arts. 201, et seq.; see also Estates New Orleans v. McCoy, 14-0933 (La.App. 4 Cir. 3/18/15), 162 So.3d 1179. Notwithstanding all of the other solid reasons why Ms. Haynes’ eviction should not have been ordered as articulated in the majority opinion, the trial court should have dismissed the plaintiff/appellee’s rule and rendered judgment for Ms. Haynes.