SAVOIE, J.,
concurring, in part, and dissenting, in part.
|J concur with the majority opinion that the trial court erred in finding a lack of evidence regarding the classification of the DeRidder house and the 2003 Cadillac STS as Steven’s separate property. The Detailed Descriptive List, which established that the DeRidder house and the 2003 Cadillac STS was Steven’s separate property, was not traversed and was judicially accepted. Therefore, additional evidence was unnecessary. See La.R.S. 9:2801(A)(l)(a); See also Durden v. Durden, 14-1154 (La.App. 4 Cir. 4/29/15), 165 So.3d 1131. Because the classification of the property has already been determined as separate, the only issues left for the court to decide at trial are valuation, distribution of the assets, equalizing payments and reimbursement claims. See Williams v. Williams, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234.
As to Steven’s reimbursement claim for the DeRidder house, I agree with the award of $43,000. Steven alleges Tamara sold the Deridder house, his separate property, and kept the proceeds. He testified that she sold the house for $43,000. Because there is no conflicting evidence as to the sale price, awarding Steven this amount for reimbursement from the sale of the house is appropriate.
I disagree with the award for the 2003 Cadillac STS. Steven testified that Tamara was in possession of the vehicle and that he did not know her location. Steven did not testify as to the value of the Cadillac, and the only mention of the lavalue is in the Detailed Descriptive List, setting the value at $17,500. The trial court “shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.” La. R.S. 9:2801(A)(4)(a) (Emphasis added). The current proceeding was instituted in 2007 by Tamara through a Petition for Divorce. Steven filed his Detailed Descriptive List on July 16, 2009. The partition proceeding was heard on June 24, 2015, nearly six years after the Detailed Descriptive List was filed and eight years after the commencement of this lawsuit. In my view, it is not proper to use a Detailed Descriptive List that was filed six years prior to the hearing to set a value for the vehicle. When the Detailed Descriptive *302 List was filed, the Cadillac was six years old. At the time of trial, it was thirteen years old. It had certainly depreciated in value during that time, which has not been taken into account. Although Steven had ample opportunity to put on evidence of the 2003 Cadillac STS at the hearing, he did not do so. Therefore, I would not award Steven reimbursement for the 2003 Cadillac STS based on a lack of evidence as to the value of the vehicle at the time of trial.